SALEM, Appellant,

v.

SALEM, Appellee.

[Cite as *Salem v. Salem* (1988), 61 Ohio App.3d 243.]

Court of Appeals of Ohio,
Summit County.

No. 13712.

Decided Dec. 21, 1988.

*Herbert Palkovitz,* for appellant.

*George A. Clark* and *Richard E. Guster,* for appellee.

GEORGE, Judge.

Shulamith Salem, plaintiff-appellant, and Samuel Salem, defendant-appellee, negotiated and entered into a separation agreement. Both parties were

represented by counsel throughout the negotiations, which were substantial. The trial court found that this agreement was fair, just and equitable and, thereafter, incorporated that agreement into its judgment of divorce, journalized on November 20, 1985.

On May 9, 1988, appellant filed a motion requesting relief from the 1985 judgment under Civ.R. 60(B)(5). The motion was accompanied by a request for an evidentiary hearing. On June 2, 1988, the appellant filed a notice to take the deposition of appellee.

Appellee filed a motion in opposition to the appellant's Civ.R. 60(B) motion, accompanied by an affidavit and supporting documents, which described in detail the give and take of the 1985 negotiations. Without holding a hearing, the trial court denied the appellant's Civ.R. 60(B) motion on June 3, 1988. The appellant's notice to take the deposition of the appellee was not addressed.

### Assignment of Error

"Whether the trial court abused its discretion where it summarily overruled appellant's motion for relief from judgment and where it refused to allow discovery and to first provide for an evidentiary hearing on the motion."

■ The appellant argues that she was entitled to both an evidentiary hearing on her motion for relief from judgment and an opportunity to take the deposition of the appellee in order to obtain the supporting evidence for the motion. These contentions are not well-taken.

Rather than attempting to obtain supporting evidence prior to the filing of her motion for relief, either by way of an action for discovery pursuant to R.C. 2317.48 or otherwise, the appellant instead sought to obtain her supporting facts after the filing of the motion. Under Civ.R. 60(B), the movant is entitled to an evidentiary hearing only where the motion and attached affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B). See *Twinsburg Banking Co. v. Rhea Constr. Co.* (1983), 9 Ohio App.3d 39, 9 OBR 41, 458 N.E.2d 440, and *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469. Absent the necessary operative facts, a hearing is not required and the trial court, as here, may proceed to rule on the motion. There is no requirement that, once a motion for relief is filed, the trial court must delay ruling thereon until the movant has an opportunity to discover evidence which might support the motion for relief.

■ Appellant's motion to vacate the 1985 judgment was grounded on Civ.R. 60(B)(5), which provides that a judgment may be vacated for "any other reason justifying relief from judgment." Relief on this ground is to be

granted only in extraordinary situations, where the interests of justice call for it. *Adomeit, supra.*

■ Appellant claimed that appellee did not make a full disclosure of the value of his earnings, incentive plans and retirement plans. As authority for the non-disclosure, appellant attached a newspaper article which detailed an attempted corporate takeover of GenCorp and a restructuring of that corporation. A newspaper article alone is not evidence of operative facts which might support a Civ.R. 60(B) motion.

For the foregoing reasons the appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and FORD, J., concur.

DONALD R. FORD, J., of the Eleventh Appellate District, sitting by assignment.