JOURNAL ENTRY AND OPINION
Appellants, Cleveland Excavating, Inc. and Robert Otto Carson, are appealing the trial court's order granting appellee's, Elyria Savings Trust's, motion for relief from judgment. For the following reasons, we affirm.
Charnigo Plumbing issued a check payable to four payees: Cleveland Excavating/Robert Otto Carson, Sam Rioli, Tony Rioli and A R Trucking 
Excavating. Sam Rioli forged Carson's name on the check and cashed the check at his bank, Elyria Savings.
When appellants notified appellee of the forgery, appellee attempted to freeze Sam Rioli's account in the amount of $9,000. Sam Rioli had already withdrawn $800.52, however.
Appellants filed suit against Sam Rioli. This suit was voluntarily dismissed.
Appellants filed the current action (second lawsuit) against appellee for wrongful payment of the check. The first count of the complaint alleged that appellee converted the check. Count two of the complaint alleged that appellee paid another check upon which Carson's signature was forged. Count three alleged that appellee was grossly negligent in cashing the second check, after receiving notice that the first check was forged.
In October of 1992, the trial court granted summary judgment in favor of appellants on count I and granted summary judgment in favor of appellee on count II. The court ordered appellee to pay $9,000 plus interest to appellants.
In response to this judgment entry, appellee sent Carson a cashier's check payable to the original four payees: appellants, Sam Rioli, Tony Rioli and A R Trucking Excavating. Carson sent a letter to appellee's former attorney, Mr. Marco, stating that the check should have been made out to appellants only. Carson endorsed the cashier's check, and delivered it to the Internal Revenue Service to pay Sam Rioli's delinquent taxes.
Sam Rioli filed a third lawsuit (Common Pleas Case No. 259409) against appellants, appellee, Tony Rioli and A R Trucking. Sam Rioli claimed that he did not give appellants permission to deliver the check to the IRS. He also claimed that Tony Rioli and A R had already been paid what they were owed. Appellee was able to retrieve the funds from the IRS's bank, because the other payees had not endorsed the check. Appellee held the money in escrow.
On August 17, 1994, appellants and Sam Rioli entered into a settlement agreement. The agreement essentially divided up the $9,000 check, less $800.52, between appellants and Sam Rioli. Appellee did not sign the settlement agreement in the third lawsuit, but signed the stipulation of dismissal. Appellee distributed $8,199.48 according to the settlement agreement. At that time, appellee's attorney, Mr. Hyman, was unaware of the judgment rendered against appellee in the second lawsuit.
On December 19, 1995, appellants requested that appellee make payment on the $9,000 judgment in the second lawsuit. On January 5, 1996, appellee responded with a letter saying it had paid the judgment in the second lawsuit. Appellants responded on January 6, that the judgment was not satisfied. Appellee sent another letter dated January 12, 1996, stating the judgment was paid. Appellee did not hear from appellants again until March 18, 1997. On that date, appellants filed a garnishment action against appellee.
On April 17, 1997, appellee filed a Motion for Relief from Judgment. On April 24, 1997, appellee filed exhibits which had inadvertently been omitted from the Motion for Relief from Judgment. The exhibits included a copy of the cashier's check; a copy of the complaint in the third lawsuit; and a copy of the settlement agreement in the third lawsuit.
This court reversed and remanded the court's initial judgment entry which granted appellee's Civ.R. 60(B) motion for relief from judgment. This court reversed because the trial court did not hold a hearing on the Civ.R. 60(B) motion.
On remand, a hearing took place. A copy of the cashier's check, the complaint in the third lawsuit and the settlement agreement in the third lawsuit were admitted with no objections. The trial court again granted appellee's Civ.R. 60(B) motion.
 I.
Appellant's first assignment of error states:
 TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO STRIKE EXHIBITS BECAUSE EXHIBITS TO A MOTION FOR RELIEF FILED PURSUANT TO CIV.R. 60(B) MUST BE AUTHENTICATED, CERTI- FIED, OR OTHERWISE SHOWN TO BE ADMISSIBLE AS EVIDENCE.
In this case, the check was self-authenticating, pursuant to Evid.R. 902(9). The copies of the complaint and settlement agreement from the third lawsuit were not time-stamped and were not certified copies.
If the trial court erred in denying appellant's motion to strike, the error was harmless. When a Civ.R. 60(B) motion alleges sufficient facts entitling the movant to relief, but sufficient evidence is not attached to the motion, the trial court may, in its discretion, conduct an evidentiary hearing. See Bates Springer, Inc. v. Stallworth (1978),56 Ohio App.2d 223, 228; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97; Riccio v. Zayre Department Stores (June 18, 1981), Cuyahoga App. No. 43224, unreported. The trial court does not abuse its discretion in granting a hearing on a Civ.R. 60(B) motion, when the allegations in the motion would entitle the movant to relief from judgment. See Coulson v. Coulson (1983), 5 Ohio St.3d 12; Kay v. Glassman (1996), 76 Ohio St.3d 18; Cleveland Excavating, Inc. v. Elyria Savings Trust Nat. Bank (June 24, 1999), Cuyahoga App. No. 74315, unreported.
A Civ.R. 60(B) motion may not be granted, however, absent admissible evidence establishing a meritorious Civ.R. 60(B) motion. Adomeit, supra; Salem v. Salem (1988), 61 Ohio App.3d 243. The documents in question were subsequently authenticated by Mr. Carson when he testified at the hearing. See Evid.R. 901. Any error in failing to grant the motion to strike was harmless. Accordingly, this assignment of error is overruled.
 II.
Appellants' second assignment of error states:
 TRIAL COURT ERRED IN DENYING PLAINTIFF' (sic) MOTION TO STRIKE ALL EXHIBITS BECAUSE TARDILY FILED EXHIBITS TO SUPPORT A MOTION FOR RELIEF PURSUANT TO RULE 60(B) ARE INSUFFICIENT AS A MATTER OF LAW WHICH REQUIRES ALLEGA- TIONS OF OPERATIVE FACTS BE CONTAINED IN AFFIDAVITS, DEPOSITIONS, ANSWERS, (sic) TO INTERROGATORIES, WRITTEN ADMISSIONS, OR OTHER SWORN TESTIMONY.
Appellants contend the trial court abused its discretion in allowing appellee to attach the exhibits to its Civ.R. 60(B) motion which appellee had inadvertently omitted. Appellee had these materials before filing the motion for relief from judgment, and did not have to conduct additional discovery to obtain them. Cf. Salem, supra. The trial court did not abuse its discretion in permitting appellee to file the inadvertently omitted exhibits. See Powell v. Consolidated Rail Corp. (1986), 31 Ohio App.3d 219; Farmer v. Luntz Corp. (January 21, 1993), Cuyahoga App. No. 61873, unreported. If the trial court erred, the error was harmless, as discussed above.
Accordingly, this assignment of error is overruled.
 III.
Appellants' third assignment of error states:
 TRIAL COURT ERRED IN DENYING PLAINTIFF' (sic) MOTION FOR A PROTECTIVE ORDER BECAUSE AFTER FILING A MOTION FOR RELIEF JUDGMENT DEBTORS DO NOT HAVE RIGHTS OF DISCOVERY FROM JUDGMENT CREDITORS.
After filing its Civ.R. 60(B) motion, appellee served a notice of deposition on Robert Otto Carson. Appellants filed a motion for protective order, asserting that appellee did not have a right to discovery on post-judgment motions.
Appellants have not stated what information obtained in the deposition was used at the Civ.R. 60(B) hearing. If the trial court erred in denying appellants' motion for a protective order, the error was harmless.
Accordingly, this assignment of error is overruled.
 IV.
Appellants' fourth assignment of error states:
 TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR RELIEF BECAUSE IT IS UNREASONABLE TO GRANT AN UNSUPPORTED AND UNTIMELY CIV.R. 60(B)(4) MOTION REQUESTING RELIEF FROM THE NATURAL CONSEQUENCES OF DEFENDANT'S OWN CHOICES ESPECIALLY WHEN DEFENDANT HAS DISREGARDED (sic) COURT SYSTEM; DOES NOT HAVE A 60(B) GROUND FOR RELIEF, AND PLAINTIFF HAS BEEN PREJUDICED BY DEFENDANT'S CONDUCT.
The trial court's decision on a Civ.R. 60(B) motion may only be overturned if the trial court abused its discretion. Strack v. Pelton(1994), 70 Ohio St.3d 172. In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
Appellee asserted that the judgment in this case was satisfied. Civ.R. 60(B)(4). Appellants contend that the judgment was not satisfied because the court ordered $9,000 to be paid directly to appellants. According to appellants, appellee did not satisfy the judgment by: (1) Issuing a $9,000 cashier's check to the four original payees, or (2) Distributing the $8,199.48 in accordance with the settlement agreement between the payees.
Appellants assert that they were damaged by more than their proportionate share of the check. They argue that some of the $9,000 damages payable to appellee are punitive damages against appellee or to compensate appellants for inconvenience caused by wrongful cashing of the check. The parties' summary judgment motions in this case presented no evidence or arguments that appellants had incurred additional damages beyond their proportionate share of the check.
Moreover, the trial court could find that appellee waived its right to enforce the full amount of the judgment in the second case by accepting partial payment in the third case. See Edwards v. Passarelli Bros. Automotive Serv., Inc. (1966), 8 Ohio St.2d 6. The trial court did not abuse its discretion by finding that the judgment was satisfied.
Appellants claim that appellee's Civ.R. 60(B) motion was not timely filed. The motion was filed over four years after the entry of judgment in this case. A motion under Civ.R. 60(B)(4) need not be made within one year after the entry of judgment, but must be made within a reasonable time. Civ.R. 60(B); Dunkle v. Dunkle (1999), 135 Ohio App.3d 669.
The trial court did not abuse its discretion in finding that appellee's motion was filed within a reasonable time. Appellee believed that the settlement in the second lawsuit resolved the matter. Appellants did not demand payment on the 1992 judgment until 1995. After a short series of letters between the parties, appellee did not hear from appellant again until March, 1997.
Appellee had a meritorious grounds for relief, as it had satisfied the judgment. Appellee presented evidence demonstrating it was entitled to relief from judgment under the three-pronged GTE test. The trial court did not abuse its discretion in granting the motion for relief from judgment.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., AND JOYCE J. GEORGE,* J., CONCUR.
* Sitting By Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.