DECISION AND JOURNAL ENTRY
Appellant Elizabeth Motley has appealed from the judgment of the Summit County Common Pleas Court that denied her Civ.R. 60(B) motion to vacate. This Court affirms.
 I.
On November 19, 1998, pursuant to R.C. 4123.512, Appellant appealed the Industrial Commission of Ohio's determination, which denied of her claim for benefits, to the Summit County Common Pleas Court. On January 27, 2000, the parties were present in court for a final pretrial conference. During that conference, the parties reached a final settlement, and a journal entry closing the case was entered January 31, 2000.
On February 22, 2000, Appellant filed a motion to vacate the January 27, 2000 settlement and asked the common pleas court to reinstate the appeal. On February 27, 2000, the common pleas court denied the motion. Appellant timely appealed, asserting one assignment of error.
 II. The trial court abused its discretion in failing to grant [Civ.R. 60(B)] relief without holding a hearing where R.C. 4123.65(C) provides a thirty day window for either party to a workers' compensation claim to withdraw approval to a settlement agreement.
In her assignment of error, Appellant has essentially raised two arguments: (1) the trial court abused its discretion in denying her Civ.R. 60(B) motion to vacate without first holding a hearing; and (2) R.C. 4123.65(C) provides a claimant under R.C. Chapter 4123 a thirty day window to rescind any settlement agreement. Each point will be addressed in turn.
This Court would begin by observing that a party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. See Gaines Stern Co., L.P.A. v. Schwarzwald,Robiner, Wolf Rock Co., L.P.A. (1990), 70 Ohio App.3d 643, 646. Indeed, all operative facts which would justify relief must be asserted in the motion; the movant cannot wait to present operative facts at a hearing. See Salem v. Salem (1988), 61 Ohio App.3d 243, 245. Thus, if the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing. Id.
In the instant case, Appellant moved the common pleas court to vacate its January 27, 2000 dismissal, claiming only that she "upon further consideration, [had] determined that she [did] not, in fact, wish to settle this matter but [wished] to proceed with a trial." Without more, this Court cannot hold that the common pleas court abused its discretion by denying Appellant's Civ.R. 60(B) motion.
Turning to Appellant's second argument, this Court concludes that it, too, must fail. Appellant failed to raise her argument relating to R.C.4123.65(C) at the common pleas court. As such, she has cannot raise it for the first time on appeal. See Hylton v. Summers (Dec. 30, 1998), Summit App. No. 18520, unreported, at 4. "Generally, an appellate court will not consider any error that counsel could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected." Id. citing State v. Peagler (1996),76 Ohio St.3d 496, 499. Therefore, Appellant waived this argument, absent plain error. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus. This case presents no such circumstances. Appellant's assignment of error is not well taken.
 III.
Appellant's assignment of error is overruled. The judgment of the common pleas court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J., CONCUR.