I must respectfully dissent from the majority's disposition of this appeal.
I disagree with the majority's conclusion that the trial court did not need to conduct a hearing prior to denying the motion to enforce the separation agreement. Although the appellant failed to attach the quit-claim deed to the motion, the affidavit created a question regarding whether the separation agreement should be enforced. As the Ohio Supreme Court in Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 377, held, [w]here there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment.[1] The affidavit in the instant case created an issue regarding whether the provision in the separation agreement to split the proceeds from the sale of the marital home was still an enforceable provision.
The appellee, Sharon Schreck, did not oppose the motion to enforce the separation agreement. Therefore, the only evidence before the court was the affidavit, which set forth sufficient facts to warrant scheduling a hearing, if not the granting of the motion to enforce. It was appellee's burden to present the quit-claim deed to rebut the reservation of rights language set forth in the affidavit. The court should not have denied the motion without examining the language of the deed to determine if any reservation of rights was set forth pursuant to R.C. 5302.04.
For the foregoing reasons, I do not agree with the majority that the trial court could deny the motion without first conducting a hearing, and I would, therefore, reverse the trial court's judgment and remand for a hearing.
[1] The case relied upon by the majority, Salem v. Salem (1988),61 Ohio App.3d 243, for the proposition that the dismissal of a motion without an evidentiary hearing is proper when the party fails to allege operative facts, deals with a Civ.R. 60(B) motion and not a motion to enforce a separation agreement.