OPINION
Plaintiff-appellant William E. McKinley ("McKinley") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion for relief from judgment and affirming summary judgment in favor of defendant-appellee Young W. Rhee ("Rhee")
McKinley filed a complaint on September 29, 2000, alleging that Rhee committed malpractice. Rhee filed his answer along with his personal affidavit denying that he committed malpractice. On August 29, 2001, Rhee filed a motion for summary judgment. Since McKinley had failed to present an affidavit of a medical expert stating that Rhee had breached the standard of care, the trial court granted the summary judgment.
On November 8, 2001, McKinley filed a motion for relief from judgment on the grounds that he had committed excusable neglect and that Rhee had failed to disclose a progress note until after the motion for summary judgment was filed. Along with his motion, McKinley filed an affidavit of another psychiatrist stating that Rhee had violated the standard of care. McKinley also provided affidavits stating that the progress notes were not viewed by appellant until after the motion for summary judgment was filed. Without an evidentiary hearing, the trial court denied the motion for relief from judgment.
This appeal presents the following three assignments of error.
 The trial court erred in determining that McKinley is not entitled to relief from summary judgment on the ground of excusable neglect.
 The trial court erred by failing to conduct an evidentiary hearing to determine whether McKinley is entitled to relief under Civ.R. 60(B).
 The trial court erred by requiring McKinley to prove, pursuant to Civ.R. 60(B)(2), that he was unable by due diligence to obtain a medical expert affidavit in time to respond to the motion for summary judgment.
The first and third assignments of error both deal with the trial court's overruling of the Civ.R. 60(B) motion, so they will be addressed together. Excusable neglect is not present if the party could have prevented the circumstances from occurring. Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 706 N.E.2d 825. The decision whether something is excusable neglect is left to the sound discretion of the trial court. Id.
Here, appellant claims that it was excusable neglect to fail to get the affidavits of medical experts. However, the trial court determined that since appellant had a year since the filing of the complaint and an extension of time prior to the ruling on the motion for summary judgment, he had plenty of time to obtain an affidavit of a medical expert alleging malpractice. Given the evidence before it, this decision by the trial court is not unreasonable or arbitrary. Thus, the trial court did not abuse its discretion. The first and third assignments of error are overruled.
The second assignment raises the question of whether McKinley was entitled to an evidentiary hearing on his motion.
 Under Civ.R. 60(B), the movant is entitled to an evidentiary hearing only where the motion and attached affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B). * * * Absent the necessary operative facts, a hearing is not required and the trial court, as here, may proceed to rule on the motion.
Salem v. Salem (1988), 61 Ohio App.3d 243, 245, 572 N.E.2d 726, 727. Here, the trial court had already determined that there was no basis for relief under Civ.R. 60(B). Since no operative facts were presented which would warrant relief, the trial court did not err in denying an evidentiary hearing. Thus the second assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment Affirmed.
SHAW, P.J. and WALTERS, J., concur.