This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Arnold S. Levin appeals two orders of the Lorain Municipal Court granting judgment for appellee, J. A. Berk Associates ("J.A. Berk"). This Court affirms.
This matter arises out of the Small Claims Division of the Lorain Municipal Court. J.A. Berk filed two complaints seeking payment for real estate appraisals he allegedly performed for Levin. Levin counterclaimed. The matter was set for trial on August 7 and the parties were duly notified. J.A. Berk appeared at trial but Levin did not.
After hearing the evidence submitted by J.A. Berk, the magistrate ruled in favor of J.A. Berk for $816.66 plus interest in case number 00CVI407 and $2,625.00 plus interest in case number 00CVI408. The magistrate then dismissed Levin's counterclaim for failure to prosecute.
Levin filed objections to the magistrate's order, a motion for a new trial, and assignment for trial of the counterclaim. On September 17, 2001, the trial court denied these motions and objections and entered judgment on the two cases in favor of J.A. Berk. Levin then filed another motion for new trial and a motion for relief from judgment that were denied by the trial court as well. Levin has timely appealed, asserting four assignments of error.
 ASSIGNMENT OF ERROR I "THE COURT ERRED BY DENYING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S RECOMMENDATIONS FOR JUDGMENTS AGAINST DEFENDANT, AND BY DENYING DEFENDANT'S MOTION FOR A NEW TRIAL, AND BY DENYING DEFENDANT'S MOTION TO ASSIGN DEFENDANT'S COUNTER-CLAIM FOR TRIAL."
In his first assignment of error, Levin asserts the trial court erred in overruling his objections to the magistrate's decision and in not granting him a new trial. This Court disagrees.
First, in relation to his argument regarding his objections to the magistrate's decision, no transcript or affidavit stating the evidence at the trial was submitted to the trial court. When a party objects to a magistrate's decision, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing. Civ.R. 53(E)(3)(b). Because Levin did not do this, the trial court was required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law. See State exrel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. This Court is likewise limited to that review. Brown v. Brown (Apr. 4, 2001), 9th Dist. No. 20177.
Levin has also argued that the trial court erred by denying his motion for new trial. However, Levin did not provide the trial court with grounds for a new trial under Civ.R. 59(A). Civ.R. 59 provides in pertinent part:
 "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing part, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
"(2) Misconduct of the jury or prevailing party;
 "(3) Accident or surprise which ordinary prudence could not have guarded against;
 "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
"(7) The judgment is contrary to law;
 "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.
 "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
This Court reviews a trial court's ruling on a motion for new trial under an abuse of discretion standard. Rohde v. Farmer (1970),23 Ohio St.2d 82, paragraph one of the syllabus. "`Abuse of discretion,' in relation to the [disposition] of a motion for a new trial[,] implies an unreasonable, arbitrary[,] or unconscionable attitude upon the part of the court." Poske v. Mergl (1959), 169 Ohio St. 70, 75. Given the evidence before the trial court, this Court cannot say that it abused its discretion in denying Levin's motion for a new trial.
In addition, Levin has argued that the trial court abused its discretion in denying his motion to assign his counterclaims for trial. This argument will be addressed below in Levin's second assignment of error.
Levin's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE COURT ERRED BY FAILING TO NOTIFY THE DEFENDANT'S COUNSEL THAT THE COURT [INTENDED] TO DISMISS DEFENDANT'S COUNTER-CLAIM AS REQUIRED BY CIVIL RULE 41(B)(1)."
In his second assignment of error, Levin argues that he was entitled to notice under Civ.R. 41(A)(1) prior to the dismissal of his counterclaims. This Court agrees, but finds the trial court's failure to provide notice harmless in this limited situation.
J.A. Berk filed two complaints in Small Claims Court seeking payment for two appraisals he allegedly performed for Levin. Levin counterclaimed alleging that the appraisals were worthless as they were not performed as requested. The complaints and counterclaims were scheduled for trial. Levin failed to appear for trial and judgment was rendered for J.A. Berk based on the evidence presented. In his decision, the magistrate specifically found that J.A. Berk "had performed the required services and produced an appraisal report." This was the very allegation of Levin's counterclaims. Levin's counterclaim was dismissed for failure to prosecute. No notice was provided to Levin of the court's intent to dismiss.
Consequently, either the law of the case doctrine and/or res judicata bars Levin's counterclaims.
Levin's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE COURT ERRED BY DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60(B)."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING ON DEFENDANT'S CLAIM FOR CIV[.]R. 60(B) RELIEF."
Levin's third and fourth assignments of error will be considered together as they raise similar issues.
Levin has argued that the trial court erred in denying his motion for relief from judgment. In addition, Levin has argued that the trial court should have held an evidentiary hearing on his motion for relief from judgment.
An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard.Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. Because public policy favors finality of judgments, relief under Civ.R. 60(B) is limited. Owiesny v.Owiesny (Dec. 9, 1992), 9th Dist. No. 15616.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
If any of these three requirements is not satisfied, the trial court should deny the motion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
Levin's Civ.R. 60(B) motion was based on the fact that he entered the wrong date for the hearing on his calendar. See Civ.R. 60(B)(1). Levin failed to demonstrate that he had a meritorious claim or defense or that he was entitled to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5). In addition, Levin failed to support his motion for relief from judgment with an affidavit or other sworn testimony.
"Unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." East Ohio Gas Co. v. Walker (1978), 59 Ohio App.2d 216, syllabus.
Given the evidence before it, this decision by the trial court is not unreasonable or arbitrary. Thus, the trial court did not abuse its discretion.
"Under Civ.R. 60(B), the movant is entitled to an evidentiary hearing only where the motion and attached affidavits contain allegations of operative facts[,] which would warrant relief under Civ.R. 60(B)." Salemv. Salem (1988), 61 Ohio App.3d 243, 245. See, also, Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 103.
In this case, the trial court had already determined that there was no basis for relief under Civ.R. 60(B). Since Levin did not present any operative facts, which would warrant relief, the trial court did not err in denying an evidentiary hearing.
Levin's third and fourth assignments of error are overruled. The decision of the Lorain Municipal Court is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.