This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mark Rezack, appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands.
 I.
Appellant filed for divorce on June 16, 1999. The Chief Magistrate of the Domestic Relations Division of the Summit County Court of Common Pleas heard the case on April 6, 2000. The magistrate issued a decision, which was journalized on April 12, 2000. On April 14, 2000, appellant's attorney died. No objections to the magistrate's decision were filed. The trial court adopted the magistrate's decision in its journal entry dated April 21, 2000.
On September 20, 2001, appellant filed a motion to vacate pursuant to Civ.R. 60(B)(4) and (5). Without holding an evidentiary hearing, the trial court denied appellant's motion to vacate in a journal entry dated November 5, 2000.
Appellant timely appealed and has set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE WITHOUT HOLDING A HEARING."
In his sole assignment of error, appellant argues that he was entitled to a hearing pursuant to Civ.R. 60(B)(4) and (5). This Court agrees.
The decision of a trial court to deny a motion to vacate judgment will not be overturned absent an abuse of discretion. Talarek v. Miles, etal. (July 23, 1997), 9th Dist. No. 96CA006567. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not satisfied, the trial court should deny the motion. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
Appellant raised several meritorious defenses in his motion to vacate. Appellant stated that the magistrate's finding that the parties had a twenty-year common law marriage was incorrect. Appellant also stated that the magistrate's finding that he was in "good physical, mental and emotional" health was incorrect because he does not have full use of his left arm. Furthermore, appellant disputed the figures the magistrate used to determine spousal support.
The Civ.R. 60(B) motion sought relief under Civ.R. 60(B)(4) and (5). Appellant's argument was based on the fact that appellant was never served a copy of the magistrate's decision or the trial court's entry. The magistrate's decision was journalized on April 12, 2000. The parties had fourteen days in which to file objections to the magistrate's decision. No objections were filed. The trial court adopted the magistrate's decision in its journal entry dated April 21, 2000. Appellant had moved to Florida shortly before the trial in January 2000 and was awaiting notice of the trial court's decision. However, appellant's counsel died on April 14, 2000. The evidence was uncontroverted that appellant never received communication from his attorney's office regarding her death or the outcome of his case.
This Court also notes that appellant satisfied the timeliness requirement to prevail on a motion to vacate judgment. The one-year time limit in Civ.R. 60(B) only applies to relief sought under Civ.R. 60(B)(1) through (3). Relief sought under Civ.R. 60(B)(4) and (5) must be made within a reasonable time. Appellant's motion for relief from the default judgment was made within a reasonable time. The trial court's judgment was journalized on April 21, 2000, and appellant did not file his motion until September 20, 2001. However, appellant was not aware of the trial court's decision because no one at his lawyer's firm notified him of the trial court's decision. In his sworn statement, appellant stated that he filed his motion to vacate shortly after learning that the trial court had rendered its decision. Therefore, based on the facts of this case, appellant's motion for relief was made within a reasonable time.
"Under Civ.R. 60(B), the movant is entitled to an evidentiary hearing only where the motion and attached affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." Salem v.Salem (1988), 61 Ohio App.3d 243, 245. See, also, Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 103.
In this case, the trial court denied appellant's motion to vacate without first holding a hearing. This Court concludes that the trial court abused its discretion in denying appellant's motion to vacate without first holding a hearing. Appellant presented uncontroverted evidence to support his Civ.R. 60(B) motion and the record shows that appellant acted quickly in filing his motion once he became aware of the decision of the trial court. Appellant's sole assignment of error is sustained.
 III.
The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded back to the trial court for a hearing on appellant's motion to vacate.
WHITMORE, J., BATCHELDER, J. CONCUR.