[Cite as *Bank of New York v. Elliot*, 2012-Ohio-5285.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97506 and 98179**

# BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2004-12

PLAINTIFF-APPELLEE

vs.

# DAVID M. ELLIOT, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-668601

**BEFORE:** Keough, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 15, 2012

**FOR APPELLANTS**

David M. and Marina K. Elliot, pro se
1461A 1st Avenue
Suite 265
New York, NY 10065

**ATTORNEYS FOR APPELLEES**

**For Bank of New York**

Timothy R. Billick
Ted A. Humbert
Laura C. Infante
Law Offices of JoJason A. Whitacrehn D. Clunk Co., L.P.A.
4500 Courthouse Blvd., Suite 400
Stow, OH 44224

**For Aeon Financial, LLC**

David T. Brady
Kirk W. Liederbach
Maureen C. Zink
Law Office of Brady, Liederbach & Associates
27 N. Wacker Drive, Suite 503
Chicago, IL 60606

Nicholas J. Cardinal
Mark A. Schwartz
Schwartz & Associates, LLP
27 North Wacker Drive, Suite 503
Chicago, IL 60606

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendants-appellants David M. and Marina Elliot appeal from the trial court's judgments that adopted the magistrate's decision ordering foreclosure and denied their Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm.

## Background

{¶2} On August 22, 2008, plaintiff-appellee Bank of New York, as Trustee for the Certificateholders CWABS, Inc., Asset Backed Certificates, Series 2004-12 ("Bank of New York"), filed a complaint in foreclosure against the Elliots. Bank of New York asserted that (1) it was the holder of the Elliots' note and mortgage, (2) the Elliots had breached the terms of the note and mortgage, (3) it had called the note and mortgage in default, and (4) it was entitled to judgment against the Elliots on the note and foreclosure of its mortgage on the real property located at 19162 Coffinberry Boulevard, Fairview Park, Ohio 44126-1669.

{¶3} Service on the Elliots was attempted by special process server at the Coffinberry Boulevard address but failed when the process server filed his return on September 3, 2008, indicating that the property was vacant with no visible forwarding address. At the bank's request, the clerk re-issued service to the Elliots by certified mail at 1275 1st Avenue #280, New York, New York 10065. The certified mail to Marina was signed for on September 13, 2008, and for David on September 15, 2008; the docket

reflects that both were signed for by "Other."

**{¶4}** Bank of New York moved for default judgment on October 23, 2008, after the Elliots failed to file a timely answer. The motion was set for hearing before the magistrate on December 3, 2008. On December 1, 2008, Marina sent a letter to the court, stating:

> This is to notify the Cuyahoga County Clerk of Justice that I am answering to this Case No. 668601. I am in the middle of a mortgage loan modification with Countrywide and I am awaiting the necessary documents to proceed with modification and due to out of town business I am answering by mail.

In the letter, Marina listed her and David's address as the 1st Avenue, New York address noted above.

**{¶5}** The magistrate held the default hearing and granted default as to all defendants except Marina. The court treated Marina's letter as a motion for mediation, granted the motion, and referred the case to the foreclosure mediation department, which set a pre-mediation hearing for April 3, 2009. Marina did not appear for the hearing and the matter was sent back to the trial court for further proceedings.

**{¶6}** On April 28, 2009, the court held a case management conference, at which the Elliots did not appear. The court granted Bank of New York's motion for default as to Marina and on May 26, 2009, filed the magistrate's decision ordering foreclosure and sheriff's sale. The trial court subsequently withdrew the magistrate's decision and vacated its judgment granting default, however, because Bank of New York had filed a motion for leave to file a supplemental complaint to add Aeon Financial, LLC as a

new-party defendant, which the trial court granted.

{¶7} On July 14, 2009, after the supplemental complaint was filed and served, Bank of New York filed a second motion for default judgment against all defendants except Aeon, who had filed an answer and cross-claim against the Elliots. The trial court set the matter for a case management conference and hearing on Bank of New York's motion on August 11, 2009. The Elliots did not appear for the hearing; accordingly, on August 12, 2009, the trial court granted the bank's motion for default. On October 2, 2009, the magistrate filed a decision again ordering foreclosure and sheriff's sale.

{¶8} On October 6, 2009, the court received another letter from Marina, in which she indicated that she was still working toward a loan modification and expressed a desire to save her home. On this letter, Marina listed her and David's address as the Coffinberry Boulevard address noted above. The trial court treated Marina's letter as another request for mediation, which it granted. The trial court again referred the case to the court's foreclosure mediation program, and the mediator set a pre-mediation conference for January 11, 2010. Neither Marina nor David appeared for the conference, and the matter was returned to the trial court for further proceedings.

{¶9} On January 26, 2010, the trial court adopted the magistrate's decision dated October 2, 2009, ordering foreclosure and sale. On February 3, 2010, the clerk issued service of Aeon's answer and crossclaim to the Elliots by certified mail at the 1st Avenue, New York address noted above. The docket reflects that service was completed on February 5, 2010, although the return receipt was signed by "Other."

{¶10} On July 27, 2011, the trial court granted default judgment to Aeon Financial, LLC and on September 20, 2011, the property was finally sold at sheriff's sale. On October 6, 2011, the trial court found that the sale had been made in conformity to law and issued a decree confirming the sale.

{¶11} On November 2, 2011, counsel for the Elliots filed a notice of appearance, a notice of appeal of the trial court's January 26, 2010 entry adopting the magistrate's decision granting default and ordering sheriff's sale, and a motion to vacate the judgment pursuant to Civ.R. 60(B). This court remanded the case for a hearing on the motion to vacate.

{¶12} At the hearing, the parties agreed to conduct a third foreclosure mediation. The trial court set the mediation for February 28, 2012, and ordered that all parties were to be present. The Elliots subsequently requested a continuance and the mediation was continued to March 7, 2012. On that day, counsel and representatives of Bank of New York and Aeon Financial, LLC appeared in person. Marina and her counsel appeared; David did not appear and was not available by telephone. The mediation did not resolve the matter, and the case was set for hearing on the Elliots' motion to vacate judgment on March 19, 2012.

{¶13} The Elliots did not appear for the March 19 hearing; their counsel requested that the matter be continued and they be allowed to appear by telephone. The hearing was reset for March 22, 2012, but cancelled upon the Elliots' request that their motion to vacate be decided on the briefs. On March 23, 2012, the trial court denied the motion to

vacate. The Elliots then filed a notice of appeal from the trial court's decision denying their motion.

Analysis

A.     Personal Jurisdiction

{¶14} In their first assignment of error, the Elliots contend that the trial court never obtained personal jurisdiction over them, so the court's judgments  that granted default to Bank of New York and Aeon Financial, LLC, ordered foreclosure and sheriff's sale, and confirmed the sale are void.

{¶15} In order for a court to acquire personal jurisdiction over a party, there must be proper service of a summons and complaint, or the party must have entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction. *Slomovitz v. Slomovitz*, 8th Dist. No. 94499, 2010-Ohio-4361, ¶ 10, citing *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885 (8th Dist.)   A judgment rendered in the absence of personal jurisdiction over the defendant is void. *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956).   The trial court's determination of whether personal jurisdiction exists over a person is a question of law that we review de novo. *Natl. City Bank v. Yevu*, 178 Ohio App.3d 382, 2008-Ohio-4715, 898 N.E.2d 52 (8th Dist.); *Toma v. Toma*, 8th Dist. No. 82117, 2003-Ohio-4344, ¶ 16.

{¶16} Under Civ.R. 4.3, service of process may be made outside of Ohio "upon a person who, at the time of service of process, is a nonresident of this state or is a resident

of this state who is absent from this state." By their own admission, although the Elliots were residents of Ohio, they were living in New York when the complaint and supplemental complaint were filed and served; accordingly, service of process was proper in New York.

{¶17} Civ.R. 4.3(B)(1) provides that service may be by certified mail "evidenced by return receipt signed by any person." Thus, personal service may be obtained upon individual defendants by certified mail even if the individual defendant does not sign the certified mail receipt. *Clark v. Glassman*, 8th Dist. No. 82578, 2003-Ohio-4660, ¶ 24. Here, the docket reflects that Marina and David were both served with the original complaint by certified mail — Marina on September 13, 2008, and David on September 15, 2008. Although the return receipts were signed by an individual other than Marina or David, under Civ.R. 4.3(B)(1), the service was effective.

{¶18} The record further reflects that both Marina and David were served with the supplemental complaint by regular mail. There is a presumption of proper service when the civil rules governing service are followed. *Id.,* ¶ 17. Under Civ.R. 5(A), "every pleading subsequent to the original complaint unless the court otherwise orders * * * shall be served upon each of the parties." Civ.R. 5(B) provides for such service by mail "to the last known address of the person to be served," and states that "[s]ervice by mail is complete upon mailing." The record reflects that Bank of New York served the supplemental complaint on the Elliots by regular mail on June 2, 2009. Thus, service was complete as of that date.

**{¶19}** The docket also reflects that the Elliots were served by certified mail with Aeon's answer and crossclaim. Although the Elliots argue that service of the supplemental complaint and Aeon's crossclaim was deficient because they moved to a new apartment in New York in December 2008, the record reflects that the Elliots never advised the court of their new address. "'A party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of gleaning the record to insure a party's mailing address has not changed.'" *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, 886 N.E.2d 849, ¶6, quoting *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 845 N.E.2d 878, ¶ 11 (4th Dist.). This obligation applies equally to pro se litigants like the Elliots. *Id.* The Elliots did not satisfy that burden here; hence, service to their last-known address was effective.

**{¶20}** Furthermore, the record reflects that the Elliots voluntarily submitted to the jurisdiction of the court and waived any issue regarding service and personal jurisdiction. Under Civ.R. 12(B) and (H), the defenses of lack of jurisdiction over the person and insufficiency of process are waived if the defenses are not made by motion or included in the responsive pleading. *See* Civ.R. 12(H); *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 8-9.

**{¶21}** Here, the meaning of Marina's statements in her letter to the court dated December 1, 2008, that "[t]his is to notify the court that I am answering to this Case No. 668601" and "I am answering by mail" could not be more clear: her letter was intended to be the Elliots' answer, albeit untimely, to the complaint. Marina's affidavit in support of

the motion to vacate also makes clear that the letter was intended as the Elliots' answer to the complaint; in her affidavit Marina stated, "On December 1, 2008, I wrote a letter to the Court to answer the lawsuit on behalf of my husband and me." Although as a non-attorney Marina could not answer on behalf of David, she made no objection in the answer to service or personal jurisdiction. Hence, by filing a responsive pleading without raising those defenses, Marina waived them with respect to herself. Civ.R. 12(H).

{¶22} Likewise, Marina's letter to the court dated October 1, 2009, sent after the supplemental complaint was filed and served, was intended as the Elliots' untimely answer to the supplemental complaint. Referrring to this letter in his affidavit attached to the motion to vacate, David averred, "[m]y wife wrote a letter to the Court to answer the lawsuit on behalf of she and I * * *." As with the first letter, there was no objection to service or lack of personal jurisdiction. By failing to raise those defenses in the responsive pleading, Marina waived them with respect to herself. And although as a non-attorney Marina could not answer on David's behalf, David's affidavit makes clear that he had received notice of the case and submitted to the court's jurisdiction.

{¶23} Because Bank of New York and Aeon obtained service on the Elliots and the Elliots waived any issues relating to service of process and personal jurisdiction (either by answer or submitting to the court's jurisdiction), the trial court properly obtained personal jurisdiction over the Elliots. Their first assignment of error is therefore overruled.

B.     Civ.R. 60(B) Motion to Vacate Judgment

**{¶24}** To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.   The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 1996-Ohio-54, 666 N.E.2d 1134.

**{¶25}** We review a trial court's judgment regarding a motion to vacate judgment under an abuse-of-discretion standard. *Benesch, Friedlander, Coplan & Aronoff, LLP v. Software, Inc.*, 8th Dist. No. 91708, 2009-Ohio-1617, ¶ 13.   The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶26}** The Elliots brought their motion to vacate judgment pursuant to Civ.R. 60(B)(1) and (5).   Civ.R. 60(B)(1) allows a court, "on motion and upon such terms as are just," to grant relief from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise or excusable neglect."   Civ.R. 60(B)(5) allows a court to grant such relief for "any other reason justifying relief from judgment."

**{¶27}**   In their motion, the Elliots argued that they were entitled to relief from judgment under Civ.R. 60(B)(1) due to "excusable neglect" because they were never

served with the original complaint, supplemental complaint, or Aeon's crossclaim, and did not receive notifications from the trial court of its orders. They argued that they were entitled to relief under Civ.R. 60(B)(5) because they "did not completely ignore" the trial court's proceedings but tried to navigate the foreclosure process and defend themselves pro se. They further contended that they were misled by Bank of New York into believing that the loan modification process would relieve them from the impact of the foreclosure action.

{¶28} In its journal entry and opinion denying the Elliots' motion, the trial court found that the Elliots' assertion that they were never served with the original complaint, supplemental complaint, or Aeon's crossclaim was unpersuasive. It found that the docket reflected that both Marina and David were served with the summons and original complaint by certified mail, and their affidavits attached to the motion to vacate confirmed that they lived at the 1275 1st Avenue #280, New York, New York address when the original complaint was served. Further, the court found that although the Elliots alleged lack of service and notice, their actions throughout the case indicated that they were aware of the pending claim and its nature. Specifically, the court found that the Elliots participated in the case and sought the protection of the court. The court further found that the Elliots should have advised the clerk of court of any change in their address. Accordingly, the trial court held that the Elliots had not demonstrated that their neglect was excusable under Civ.R. 60(B)(1) or that they were entitled to relief under Civ.R. 60(B)(5).

{¶29} In their second assignment of error, the Elliots contend that the trial court erred in denying their motion to vacate judgment. They reiterate the same arguments raised below and, like the trial court, we are unpersuaded.

{¶30} First, it is apparent that the Elliots' motion was not timely. Civ.R. 60(B) provides that motions for relief from judgment "shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order or proceedings was entered or taken." Here, Bank of New York obtained a decree of foreclosure on January 26, 2010. The Elliots' motion to vacate judgment was filed November 14, 2011, nearly two years after the decree in foreclosure. Thus, the motion was neither made during a reasonable time period for motions brought pursuant to Civ.R. 60(B)(5) nor within the one-year time period for motions brought pursuant to Civ.R. 60(B)(1). Because the motion was untimely, the trial court did not abuse its discretion in denying the motion on this basis alone.

{¶31} Furthermore, the Elliots' neglect was not excusable. As discussed above, despite their assertions otherwise, the Elliots were served with the complaint, supplemental complaint, and Aeon's crossclaim. They were aware of the proceedings and the import of the proceedings, as evidenced by Marina's letters to the court in which she asked for the court's assistance in saving her home. Nevertheless, when the court tried to assist by referring the matter for foreclosure mediation, Marina appeared for only one of three mediation conferences and David never appeared.

{¶32} The Elliots' assertion that they are entitled to relief under Civ.R. 60(B)(5) is

similarly unpersuasive. Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for one of the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraphs one and two of the syllabus. "Relief on this ground is to be granted only in extraordinary situations, where the interests of justice call for it." *Salem v. Salem*, 61 Ohio App.3d 243, 572 N.E.2d 726 (9th Dist.1988). The Elliots have not demonstrated any "extraordinary circumstances" in this case to suggest they are entitled to extraordinary relief under Civ.R. 60(B)(5). Accordingly, we hold that the trial court did not abuse its discretion in denying the Elliots' Civ.R. 60(B) motion for relief from judgment; the second assignment of error is therefore overruled.

**{¶33}** Affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and

KENNETH A. ROCCO, J., CONCUR