**HALL, Appellant,**

v.

**NORTHSIDE MEDICAL CENTER & INTERNAL MEDICINE–SURGICAL CENTER, Appellee.**

[Cite as *Hall v. Northside Med. Ctr. & Internal Medicine–Surgical Ctr.*, 178 Ohio App.3d 279, 2008-Ohio-4725.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 07 MA 192.

Decided Sept. 11, 2008.

David M. Hall, pro se.

Comstock, Springer & Wilson Co., L.P.A., and William Scott Fowler, for appellee.

DeGenaro, Presiding Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-appellant, David M. Hall, appeals the decision of the Mahoning County Court of Common Pleas that granted the motion to dismiss filed by defendant-appellee, Northside Medical Center & Internal Medicine–Surgical Center because Hall had not filed the affidavit of merit required by Civ.R. 10(D)(2). On appeal, Hall argues that dismissal is the improper relief to be granted when someone fails to comply with Civ.R. 10(D)(2).

{¶ 2} A decision from this court interpreting a prior version of Civ.R. 10(D)(2) supports Hall's argument. The former version of the rule did not contain a sanction for failing to follow the rule, and we held that defendants should use the same procedure for violations of Civ.R. 10(D)(2) as they did for violations of Civ.R. 10(D)(1), i.e., moving for a more definitive statement under Civ.R. 12(E). However, the newly amended version of Civ.R. 10(D)(2) allows a trial court to dismiss a complaint for failing to comply with the rule. Moreover, the trial court properly dismissed this case since Hall did not properly request an extension of time within which to file an affidavit of merit. For these reasons, the trial court's decision is affirmed.

{¶ 3} On July 2, 2007, Hall filed a complaint against Northside, alleging that Northside maliciously refused to provide him with medical treatment and care and that this caused him damages. Hall did not file an affidavit of merit with his complaint and did not seek an extension within which to file such a document at the time he filed his complaint. On August 16, 2007, after Northside filed its answer, Hall moved for an extension of time to file an affidavit of merit. Hall moved a second time for an extension of time within which to file the affidavit of merit on September 10, 2007. The trial court never ruled on either of these motions.

{¶ 4} On August 21, 2007, Northside moved to dismiss Hall's complaint pursuant to both Civ.R. 10(D)(2) and 12(B)(6). According to Northside, Hall had failed to state a claim for relief since he had not filed the affidavit of merit required by Civ.R. 10(D)(2) and, therefore, his complaint must be dismissed. On September 17, 2007, the trial court granted Northside's motion.

{¶ 5} In his sole assignment of error, Hall argues:

{¶ 6} "Trial court errored in dismissing the complaint of Plaintiff–Appellant for failure to attach an affidavit of merit. Where motions for an extension of time, with good cause shown, was file. Thereby, complied with Civil Rule 10(D)(2)(b)."

{¶ 7} According to Hall, Civ.R. 10(D)(2) does not set out the appropriate sanction and allows for extensions of time within which a plaintiff can obtain and file such an affidavit. Thus, Hall believes that the trial court should have granted his motions for an extension of time before granting Northside's motion to dismiss.

{¶ 8} Civ.R. 10(D)(2)'s most recent amendment was made effective on July 1, 2007, the day before Hall filed his complaint. Therefore, this case is governed by the most recent version of this rule. That version provides as follows:

{¶ 9} "(2) Affidavit of merit; medical liability claim.

{¶ 10} "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:

{¶ 11} "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

{¶ 12} "(ii) A statement that the affiant is familiar with the applicable standard of care;

{¶ 13} "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶ 14} "(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if

the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.

{¶ 15} "(c) In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:

{¶ 16} "(i) A description of any information necessary in order to obtain an affidavit of merit;

{¶ 17} "(ii) Whether the information is in the possession or control of a defendant or third party;

{¶ 18} "(iii) The scope and type of discovery necessary to obtain the information;

{¶ 19} "(iv) What efforts, if any, were taken to obtain the information;

{¶ 20} "(v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.

{¶ 21} "(d) An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.

{¶ 22} "(e) If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect."

{¶ 23} This version of the rule differs from its predecessor in some important respects. The prior version of the rule provided as follows:

{¶ 24} "(2) Affidavit of merit; medical liability claim.

{¶ 25} "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. The affidavit of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. The affidavit of merit shall include all of the following:

{¶ 26} "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

{¶ 27} "(ii) A statement that the affiant is familiar with the applicable standard of care;

{¶ 28} "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶ 29} "(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit.

{¶ 30} "(c) An affidavit of merit is required solely to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment." Former Civ.R. 10(D)(2).

{¶ 31} As can be seen, the newer version of Civ.R. 10(D)(2)(b) includes a limit on the extension of time a trial court may grant to a party who does not file an affidavit of merit with his complaint, which was not present in the earlier version of the rule. The newly added Civ.R. 10(D)(2)(c) defines what constitutes good cause for such an extension. The new Civ.R. 10(D)(2)(e) allows a party to correct a defective affidavit of merit. Finally, Civ.R. 10(D)(2)(d) adds to the former Civ.R. 10(D)(2)(c) by specifying that "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits."

{¶ 32} We recently held that the earlier version of Civ.R. 10(D)(2) did not require a dismissal for the failure to file the affidavit of merit required by the rule. *Stewart v. Forum Health,* 7th Dist. No. 06–MA–120, 2007-Ohio-6922, 2007 WL 4465514, at ¶ 32. We noted that the proper way to challenge the failure to attach other types of documents required to be attached by Civ.R. 10(D) was by moving for a more definite statement pursuant to Civ.R. 12(E). Id. We reasoned that there was no reason to treat an affidavit of merit required by Civ.R. 10(D)(2) differently from the other types of documents referred to in Civ.R. 10(D) and, therefore, a trial court could not dismiss a complaint simply because the plaintiff failed to attach an affidavit of merit.

{¶ 33} However, our decision in *Stewart* does not control this case. That decision was based on the observation that Civ.R. 10(D)(2) did not provide a remedy for a violation of that rule. Therefore, this court used its treatment of a similar rule, Civ.R. 10(D)(1), to decide the remedy and required that the opposing party move for a more definite statement pursuant to Civ.R. 12(E). *Stewart* at ¶ 32.

{¶ 34} In contrast, the current version of Civ.R. 10(D)(2) does describe a sanction for a violation of the rule. Although Civ.R. 10(D)(2) does not specifically say that a trial court can dismiss a complaint for failing to file the required

affidavit of merit, it does say that "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits." Civ.R. 10(D)(2)(d). This statement would be meaningless if a trial court could not actually dismiss a case for failing to comply with the rule. Therefore, our decision in *Stewart* cannot be applied to the newly amended version of Civ.R. 10(D)(2) and that the trial court had the authority to dismiss Hall's case against Northside.

{¶ 35} Moreover, the trial court acted properly in this case by dismissing Hall's complaint. Hall filed two separate motions for extensions of time to file his affidavit of merit. However, Civ.R. 10(D)(2)(b) requires that a motion for an extension of time to file an affidavit of merit "shall be filed by the plaintiff with the complaint," and Hall's earliest motion for an extension of time was not filed until after Northside filed an answer that pointed out the deficiency. Thus, the plain language of the rule mandated that the trial court deny each of the motions for extensions of time filed by Hall. Since Hall was not entitled to an extension of time, the trial court properly dismissed the case.

{¶ 36} This does not mean that Hall is forever barred from recovering for his alleged injuries. Civ.R. 10(D)(2)(d) clearly states that a dismissal for failure to comply with that rule is "a failure otherwise than on the merits." R.C. 2305.19(A) allows a plaintiff whose claim "fails otherwise than upon the merits" to "commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits * * *." This statute "can be used only once to refile a case." *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 227, 680 N.E.2d 997. However, Hall has not used that statute yet to refile his case, and there is nothing preventing him from doing so.

{¶ 37} Thus, the amended version of Civ.R. 10(D)(2)(d) allows a trial court to dismiss a complaint because it fails to comply with that rule, and the trial court properly dismissed Hall's complaint in this case. Accordingly, Hall's sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Judgment affirmed.

VUKOVICH and WAITE, JJ., concur.