[Cite as *Ogline v. Sam's Drug Mart, L.L.C.*, 2014-Ohio-2355.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL A. OGLINE, Executor of the Estate of CHRISTOPHER PENNY | JUDGES: Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2013 CA 00154 |
| SAM'S DRUG MART, LLC, et al. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                             Pleas, Case No.  2012 CV 00889

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 2, 2014

APPEARANCES:

For Plaintiff-Appellee

JEFFREY C. LOOKABAUGH
SCHULMAN ZIMMERMAN & ASSOC.
236 Third Street SW
Canton, Ohio  44702

For Defendant-Appellant

SCOTT C. ESSAD
721 Boardman-Poland Road
Suite 201
Youngstown, Ohio  44512

*Wise, J.*

{¶1} Appellant Larry Smith appeals the July 12, 2013, decision of the Stark County Common Pleas Court denying his motion for relief from judgment.

## STATEMENT OF THE FACTS AND CASE

{¶2} On March 24, 2010, Christopher Penny choked to death on a Fentanyl patch prescribed to him by Defendant-Appellant Larry Smith, D.O.

{¶3} On March 19, 2012, Michael Ogline, as Executor of the Estate of Christopher Penny (Appellee), filed a Complaint naming Larry Smith, D.O. (Appellant), Sam's Drug Mart, LLC and others as defendants. Included with the Complaint was a Civ.R. 10(D) Motion for an extension of time in which to provide an affidavit of merit. As grounds for this motion, Mr. Ogline explained that Dr. Smith had never provided him with requested medical records, and that therefore,Mr. Ogline's expert could not conduct a review.

{¶4} Upon notice that service at Dr. Smith's professional address is "not deliverable as addressed - unable to forward", Appellee filed a praecipe for service at Dr. Smith's home.

{¶5} On April 19, 2012, certified mail service on Dr. Smith at his residence failed because Dr. Smith had not claimed it at the post office.

{¶6} On April 23, 2012, pursuant to Civ.R. 4.6(D), Mr. Ogline requested ordinary mail service. Ordinary mail service was never returned. Service is presumed perfected. Civ.R. 4.6(D).

{¶7} On June 26, 2012, Appellee filed a motion for default judgment with the trial court.

{¶8}  On June 27, 2012, the trial court granted Appellee's motion for default judgment.

{¶9}  By Assignment Notice filed September 13, 2012, the trial court set a damages hearing.  Appellant Smith is notified by both certified and ordinary U.S. mail.

{¶10}  On September 28, 2012, the trial court conducted a damages hearing with testimony and evidence. Appellant Smith neither appeared nor responded.

{¶11}  By Judgment Entry filed September 28, 2012, the trial court granted compensatory damages in the amount of $3,000,000.00 and punitive damages in the amount of $3,000,000.00.

{¶12}  By Judgment Entry filed October 15, 2012, the trial court setting forth its findings from the damages hearing.

{¶13}  On November 14, 2012, Appellant Smith files a Notice of Appeal, stating an appeal of "all matters" in the case. (See Notice of Appeal Stark App. Case No. 2012-CA-00206.)

{¶14}  On November 19, 2012, via Judgment Entry this Court ordered Appellant Smith to file the necessary docketing documents by December 7, 2012. Appellant Smith failed to comply with this Court's Order and on January 24, 2013, this Court dismissed Appellant Smith's appeal pursuant to App.R. 18(C).

{¶15}  On February 1, 2013, Appellant Smith failed to appear for a Debtor's Exam.

{¶16}  On February 5, 2013, Appellee filed a Motion to Show Cause for Appellant's failure to appear at the Debtor's Exam.

{¶17} On March 29, 2013, the trial court held a show cause hearing regarding Appellant Smith's failure to appear, of which he has been notified by ordinary mail. Appellant Smith failed to appear or otherwise respond.

{¶18} On May 24, 2013, the trial court conducted a second show cause hearing following personal Sherriff's service of the Order on Appellant. Appellant appeared at said hearing and the show cause hearing was converted to a debtor's exam during which Appellant Smith claimed essentially no assets other than the cash in his pockets, his Social Security checks, and various items worth less than $20,000.00 in total.

{¶19} On June 25, 2013, Appellant Smith filed a Motion for Relief from Judgment.

{¶20} On July 9, 2013, Appellee filed its Opposition to Appellant's Motion for Relief from Judgment.

{¶21} By Judgment Entry filed July 12, 2013, the trial court denied Appellant's Motion.

{¶22} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶23} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

{¶24} II. THE TRIAL COURT ERRED IN NOT HOLDING A HEARING ON THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."

## I.

{¶25} In his First Assignment of Error, Appellant argues that the trial court erred when it denied his motion for relief from judgment. We disagree.

**{¶26}** Civil Rule 60(B) provides:

**{¶27}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

**{¶28}** A movant for relief from judgment under Civ.R. 60(B) must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. *Matson v. Marks,* 32 Ohio App.2d 319, 327, 291 N.E.2d 491 (1972). The motion must be supported with evidence of at least affidavit quality. *East Ohio Gas v. Walker,* 59 Ohio App.2d 216, 220,

394 N.E.2d 348 (1978). Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing. *BancOhio Natl. Bank v. Schiesswohl,* 51 Ohio App.3d 130, 554 N.E.2d 1362 (1988), paragraph one of the syllabus, 51 Ohio App.3d 130, 554 N.E.2d 1362. Bare assertions of fact do not entitle the movant to relief or to a hearing on the motion to set aside the judgment. *Mount Vernon Farmer's Exchange v. McKee,* 5th Dist.App. No. 98–CA–27 (Citations omitted).

**{¶29}** The question of whether a motion for relief from judgment should be granted is entrusted to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172 (1994).

**{¶30}** A review of the procedural history indicates that Appellant failed to timely perfect his appeal of the initial trial court judgment. As set forth above, Appellant appealed the trial court's order on November 14, 2012. By Judgment Entry filed January 24, 2013, this Court dismissed Appellant's appeal pursuant to App.R. 18(C) for failure to prosecute as Appellant failed to file a brief in this matter.

**{¶31}** The law in Ohio is clear that a motion for relief from judgment may not be used by a party as a substitute for a timely appeal. *Doe v. Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St.3d 128. "* * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686, 433 N.E.2d 612.

**{¶32}** It is no less logical to conclude that if a party cannot use a Civ.R. 60(B) motion as a substitute for a timely appeal, one cannot bring such a motion as a result of an untimely filed appeal or the failure to perfect an appeal.

**{¶33}** Therefore, the present status of the case is controlled by the doctrine of the law of the case. *Burton, Inc. v. Durkee* (1954), 162 Ohio St. 433; *Hawley v. Ritley* (1988), 35 Ohio St.3d. 157; *Nolan v. Nolan* (1984), 11 Ohio St.3d 1. Once this Court dismissed the initial appeal pursuant to App.R.18(C), we, in effect, affirmed the trial court's judgment, which is now the law of the case. Thus, any further attempt to litigate these same issues is *res judicata*.

**{¶34}** "There can be no question that where a judgment becomes final in the course of litigation, it becomes *res judicata* or the law of the case as to all questions therein decided. Where a second action or a retrial of an action is predicated on the same cause of action and is between the same parties as the first action * * *, a final judgment of an appellate court in the former action * * * is conclusive in the second action * * * as to every issue which was or might have been presented and determined in the former instance." (Citations omitted.) *Durkee, supra,* at 438; *Ritley, supra; Nolan, supra.*

**{¶35}** Based on the foregoing, it was not necessary for the trial court to address Appellant's 60(B) motion, as it was merely an attempt to re-litigate the very issues which Appellant failed to timely present in a direct appeal. Thus, the doctrine of the law of the case controls and the original trial court judgment prevails.

**{¶36}** Alternatively, addressing the merits of Appellant's arguments and Appellee's responses, we come to the conclusion that the stated assignment is without merit.

**{¶37}** In the instant case, Appellant has not alleged nor demonstrated grounds for relief under Civ.R. 60(B)(1)-(4). Instead, Appellant appears to be arguing that he is entitled to relief pursuant to Civ.R. 60(B)(5).

**{¶38}** Civ.R. 60(B)(5) permits the trial court to vacate a judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, paragraphs one and two of the syllabus. Furthermore, it applies only where a more specific provision of Civ.R. 60(B) does not apply. *Strack v. Pelton,* 70 Ohio St.3d 172, 637 N.E.2d 914 (1997).

**{¶39}** However, the catchall provision of Civ.R. 60(B)(5) should only be used in extraordinary or unusual cases where substantial grounds exist to justify relief. *Wiley v. Gibson,* 125 Ohio App.3d 77, 707 N.E.2d 1151(1997), *Adomeit v. Baltimore,* 39 Ohio App.2d 07, 39 Ohio App.2d 97, 316 N.E.2d 469 (1974). "Relief on this ground is to be granted only in extraordinary situations, where the interests of justice call for it." *Salem v. Salem* (1988), 61 Ohio App.3d 243, 572 N.E.2d 726.

**{¶40}** Here, Appellant alleges that Appellee's failure to file an affidavit of merit in this action resulted in the action never being properly commenced.

{¶41} Upon review, we do not find the facts and circumstances of this case present this Court with an extraordinary and unusual situation to warrant the application of Civ.R. 60(B)(5).

{¶42} The proper remedy available to Appellant would have been to file an answer or a motion to dismiss raising the issue of failure to file an affidavit of merit, not to do nothing, wait for a default judgment to be entered and then file a Civ.R. 60(B) motion for relief from judgment. *See Hall v. Northside Medical Center*, 178 Ohio App.3d 279, 2008-Ohio-4725.

{¶43} With respect to entry of default judgment, Civ.R. 55(A) provides, in pertinent part, as follows:

{¶44} "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

{¶45} By its plain language, Civ.R. 55(A) prohibits a default judgment against a party who has "appeared in the action" unless that party receives written notice of the application for judgment at least seven days prior to the hearing on the application. *AMCA Internatl. Corp. v. Carlton,* 10 Ohio St.3d 88, 91, 461 N.E.2d 1282 (1984). When the trial court fails to comply with Civ.R. 55(A), entry of default judgment is improper. *Id.*

{¶46} Applicability of the Civ.R. 55(A) notice requirement hinges on whether Appellant appeared in this action. Here, Appellant failed to file an answer or otherwise appear.

{¶47} Appellant's First Assignment of Error is overruled.

**II.**

**{¶48}** In his Second Assignment of Error, Appellant argues the court abused its discretion in not holding a hearing before it ruled on his Civ. R. 60(B) motion. We disagree.

**{¶49}** In *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 1996–Ohio–430, 665 N.E.2d 1102, the Ohio Supreme Court found when a movant files a motion for relief from judgment, the trial court should grant a hearing to take evidence only if the motion contains operative facts which would warrant relief under Civ.R. 60(B). *Id.* at 19, citing *Coulson v. Coulson,* 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983).

**{¶50}** "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins,* 108 Ohio App.3d 117, 121, 670 N.E.2d 281 (8th Dist.1995). Generally, "[i]t is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." *In re Estate of Kirkland,* 2nd Dist. No. 2008–CA–57, 2009–Ohio–3765, ¶ 17, citing *Boster v. C & M Serv., Inc.,* 93 Ohio App.3d 523, 526, 639 N.E.2d 136 (10th Dist.1994) (emphasis in original).

**{¶51}** In light of our previous analysis herein, we find no merit in Appellant's claim that the lack of an evidentiary hearing on his 60(B) motion constituted reversible error under the facts and circumstances of this case. We therefore find the trial court did not abuse its discretion in declining to conduct a hearing on the matter.

**{¶52}** Appellant's Second Assignment of Error is overruled.

**{¶53}** For the foregoing reasons, the decision of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J. concur.

JWW/d 0520