[Cite as *Caldwell v. ProMedica Health Sys., Inc.*, 2017-Ohio-7979.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Thomas C. Caldwell

    Appellant

v.

ProMedica Health Systems, Inc., et al.

    Appellees

Court of Appeals No.  L-17-1050

Trial Court No.  CI0201605592

**<u>DECISION AND JUDGMENT</u>**

Decided:  September 29, 2017

* * * * *

Thomas C. Caldwell, pro se.

Robert C. Tucker, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from the judgments of the Lucas County Court of Common Pleas, dismissing appellant's, Thomas Caldwell, complaint, and striking his opposition to appellees', ProMedica Health Systems, Inc., Hannah Hibdon, R.N., and

Laura O'Leary, P.A., motion to dismiss. For the reasons that follow, we affirm, in part, and reverse, in part.

## I. Facts and Procedural Background

{¶ 2} On December 27, 2016, appellant, pro se, filed a complaint against appellees. In his complaint, appellant asserted claims of medical malpractice and assault, and also alleged that ProMedica Health Systems, Inc. was liable through the doctrine of respondeat superior. Notably, appellant did not include an affidavit of merit with the complaint as required for medical claims under Civ.R. 10(D)(2)(a), nor did he include in the complaint a request for an extension of time to file the affidavit as provided by Civ.R. 10(D)(2)(b).

{¶ 3} On January 12, 2017, appellees moved to dismiss the complaint on the grounds that the claim for assault was barred by the one-year statute of limitations in R.C. 2305.111(B), and the claim for medical malpractice was insufficient because appellant failed to include an affidavit of merit.

{¶ 4} On January 31, 2017, one day after the deadline to file a response, appellant filed his "Motion in Opposition to Defendants' Motion to Dismiss and for Enlargement of Time to Comply with the Rules of Pleading." In his filing, appellant explained the chronology of events. He stated that the alleged malpractice occurred on August 12, 2015. On July 1, 2016, appellant sent written notice to appellees that he was considering filing a malpractice claim, thereby extending his time to file his complaint until

2.

January 1, 2017, pursuant to R.C. 2305.113(B)(1). Further, appellant stated that his initial request for records occurred on August 3, 2016. It later became clear to appellant that the records were incomplete, and he concluded that the records had been tampered with. On December 20, 2016, appellant conveyed his beliefs regarding the records to appellees. Appellees made a "complete" set of records, constituting over 400 pages, available to appellant on December 26, 2016.

{¶ 5} As to his medical malpractice claim, appellant argued that because of the conduct of appellees, he did not receive his complete medical records until shortly before the filing deadline for his complaint, and thus had insufficient time to procure an affidavit of merit. Appellant concluded that appellees' motion to dismiss should be denied because appellees actively undertook delay designed to damage his claim.

{¶ 6} As to his claim for assault, appellant argued that the identity of the person who allegedly assaulted him was not included in the first set of medical records that he received, and it was not until he received the "complete" records in December 2016 that he learned her identity. He argued that his complaint was not untimely because the limitations statute for an assault claim provides that it may be brought within one year of when he learned of the identity of the person who allegedly committed the assault.

{¶ 7} The trial court did not consider appellant's January 31, 2017 filing. In a judgment signed on January 31, 2017, and journalized on February 1, 2017, the trial court dismissed with prejudice appellant's claim for assault as untimely under R.C.

3.

2305.111(B).  The trial court also determined that appellant's remaining claims were medical claims, and dismissed them without prejudice for failure to file an affidavit of merit as required by Civ.R. 10(D)(2).

{¶ 8} On February 13, 2017, the trial court addressed appellant's January 31, 2017 filing.  The court noted that appellant's response to appellees' motion to dismiss was due on January 30, 2017.[1]  Thus, the court found that appellant's filing was out of time and without leave of court.  The court further found that based upon the failure of appellant to timely respond, the trial court found appellees' motion to dismiss well-taken, and granted it on January 31, 2017, with the order issued and filed on February 1, 2017.  Therefore, the trial court ordered appellant's January 31, 2017 "Motion in Opposition to Defendants' Motion to Dismiss and for Enlargement of Time to Comply with the Rules of Pleading" stricken from the record.

## II. Assignment of Error

{¶ 9} Appellant has timely appealed the judgments of the Lucas County Court of Common Pleas, and asserts one assignment of error for our review:

1.  The Trial Court erred in calculating the time for Appellant's timely response to Appellees'-Defendants' Motion to Dismiss under Civil Procedural Rules 5 and 6.

---

[1] The trial court incorrectly stated that the response was due on January 29, 2017.  The parties agree that January 29, 2017, was a Sunday, and thus pursuant to Civ.R. 6(A) the filing was due on the next business day, which was January 30, 2017.

4.

### III. Analysis

{¶ 10} In his appellate brief, appellant argues only that the trial court miscalculated the time to file his response, and that he had until January 30, 2017, not January 29, 2017. Appellant asserts that he served his response upon appellees by mail on January 30, 2017, but did not file his response until January 31, 2017. Appellant therefore argues that the trial court erred when it dismissed his complaint without considering his January 31, 2017 filing.

{¶ 11} Appellees, for their part, do not disagree with appellant that the applicable response date was January 30, 2017. They argue, however, that appellant's response was nonetheless untimely because it was filed with the court on January 31, 2017. Appellees stress that the fourteen-day deadline to respond to motions is a deadline to *file* the opposition, not to *serve* it. In addition, as to the medical claims, appellees recognize that Civ.R. 10(D)(2)(a) requires that "a complaint that contains a medical claim * * * shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Here, appellant did not include an affidavit of merit. Moreover, appellees note that appellant did not alternatively seek an extension of time in the complaint to file the affidavit of merit as provided by Civ.R. 10(D)(2)(b), which states "The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff

5.

with the complaint." In this case, appellant did not file a motion to extend the time until after the time for a responsive filing to appellees' motion to dismiss had run. Therefore, appellees conclude that the trial court correctly dismissed appellant's complaint.

{¶ 12} It is well-established that "trial courts have inherent power to manage their own dockets." *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23. "Absent an abuse of discretion, a trial court's decision to grant a motion to strike will not be overturned on appeal." *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. Franklin Nos. 14AP-533, 14AP-543, 2015-Ohio-3567, ¶ 11, quoting *Embry v. Administrator, Bur. of Workers' Comp.*, 10th Dist. Franklin No. 04AP-1374, 2005-Ohio-7021, ¶ 12. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} We will address appellant's assault and medical claims separately.

{¶ 14} Relative to his claim for assault, we hold that the trial court abused its discretion when it struck appellant's response and granted appellees' motion to dismiss without considering the response. We recognize that while "courts are generally lenient with pro se litigants, such litigants are still obligated to follow the same rules and procedures attorneys follow." *Washington v. St. Paul Fire & Marine Ins. Co.*, 6th Dist. Lucas No. L-88-306, 1989 Ohio App. LEXIS 3818, *3 (Oct. 6, 1989), citing *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981). However,

6.

striking the response where it was filed only one day late, and granting the motion to dismiss without considering the response even though it was filed before the judgment was journalized is unduly harsh, and runs counter to the tenet that the law favors deciding cases on their merits. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992).

{¶ 15} In contrast, relative to appellant's medical claims, Civ.R. 10(D)(2) requires that the affidavit of merit be filed with the complaint or that a request for an extension of time be filed with the complaint. Appellant did neither. Further, appellant's argument that appellees delayed in sending him the medical records is not persuasive given that appellees' conduct, if true, would not have prevented him from seeking an extension of time under Civ.R. 10(D)(2)(b). Therefore, we hold that the trial court did not abuse its discretion when it struck his motion for an enlargement of time to file the affidavit of merit, and dismissed his medical claims without prejudice. *See Hall v. Northside Med. Ctr.*, 178 Ohio App.3d 279, 2008-Ohio-4725, 897 N.E.2d 717, ¶ 35 (7th Dist.) (trial court did not err in dismissing plaintiff's complaint for lack of an affidavit of merit where the motions for an extension of time were not filed until after the defendant filed an answer).

{¶ 16} Accordingly, appellant's assignment of error is well-taken, in part.

### IV. Conclusion

{¶ 17} For the foregoing reasons, we find that substantial justice was not done the party complaining, and the judgment of the Lucas County Court of Common Pleas is

7.

affirmed, in part, and reversed, in part. Specifically, the trial court's dismissal without prejudice of appellant's medical claims is affirmed. The trial court's dismissal of appellant's assault claim is reversed, and the trial court's striking of appellant's opposition to the motion to dismiss is reversed. This matter is remanded to the trial court to consider appellant's opposition to appellees' motion to dismiss as it pertains to the assault claim. Pursuant to App.R. 24, costs of this appeal are to be shared evenly by the parties.

Judgment affirmed, in part,<br>and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE