JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Todd Farson appeals from the court's refusal to grant him relief from a default judgment entered on behalf of plaintiff-appellee Cleveland Municipal School District ("the district") on its complaint for breach of contract. Farson argues that the court abused its discretion by finding that the clerk of court's failure to file an answer that he mailed to the clerk did not constitute excusable neglect under Civ.R. 60(B)(1). We conclude that the court applied an incorrect standard when determining whether Farson showed excusable neglect, so we reverse and remand.
 I {¶ 2} The district brought this action against Farson, a teacher in the district, claiming that he breached a contract whereby the district would pay Farson's tuition costs for advanced training on the condition that he remain in the district's employ for three years. The court granted the district a default judgment after Farson failed to file an answer.
 {¶ 3} Four months after the entry of the default judgment, Farson sought leave to file an answer instanter, and also filed a motion for relief from judgment pursuant to Civ.R. 60(B). In the motion for relief from judgment, Farson asserted grounds of excusable neglect because he had sent an answer to the clerk of the court for filing, but for unknown reasons, that answer had not been recorded on the docket by the clerk. The district's counsel acknowledged that it received a copy of *Page 4 
an answer by mail, but argued that it had no duty to alert the court of that fact or advise opposing counsel that a motion for a default judgment had been filed. A magistrate conducted a hearing on the motion for relief from judgment and concluded:
 {¶ 4} "The movant has not demonstrated that he is entitled to relief on Rule 60(B)(1) grounds — `excusable neglect' sufficient to vacate a judgment * * * which a `reasonably prudent person would exercise under similar circumstance [sic]' and the affidavits submitted by both sides support the conclusion that defense counsel's non-attention to this case was not excusable."
 {¶ 5} The court adopted the magistrate's decision over Farson's objections.
 II {¶ 6} In GTE Automatic Elec, Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus states:
 {¶ 7} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 8} These three elements of a motion for relief from judgment must all be established by the movant — the trial court must deny the motion if a party fails to *Page 5 
prove any of these three elements. State ex rel. Richard v.Seidner, 76 Ohio St.3d 149, 151, 1996-Ohio-54. The court's decision relating to a motion for relief from judgment under Civ.R. 60(B) is reviewed for an abuse of discretion. Strack v. Pelton,70 Ohio St.3d 172, 174, 1994-Ohio-107; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
 III {¶ 9} GTE describes attorney neglect as conduct that "`falls substantially below what is reasonable under the circumstances.'" Id.,47 Ohio St.2d at 152, quoting Link v. Wabash RR. Co. (1962),370 U.S. 626, 634, fn.10. A failure to answer a complaint in a timely manner is considered neglect that should be imputed to the client. State ex rel.Weiss v. Indus. Comm., 65 Ohio St.3d 470, 473, 1992-Ohio-71.
 {¶ 10} Although Farson attempted to file an answer with the court, that answer was not formally filed. A document is not "filed" until it has been delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court with a time-stamp. See State v.Gipson, 80 Ohio St.3d 626, 632, 1998-Ohio-659; see, also, R.C. 2303.08
("The clerk * * * shall indorse on each pleading or paper in a cause filed in the clerk's office the time of filing."); R.C. 2303.10 ("The clerk * * * shall indorse upon every paper filed with him the date of the filing thereof."). Farson's failure to ensure that his answer had been indorsed with a time-stamp by the clerk of the court constituted negligence. *Page 6 
 {¶ 11} Civ.R. 60(B)(1) not only requires "neglect" as a basis for relief, but that the neglect be "excusable." The question of what constitutes "excusable" neglect "is an elusive concept which has been difficult to define and to apply." Kay v. Marc Glassman, Inc.,76 Ohio St.3d 18, 20, 1996-Ohio-430. The supreme court stated in Kay that it had previously defined "excusable neglect" in the negative and that the "inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay,76 Ohio St.3d at 20, quoting GTE, 47 Ohio St.2d at 153.
 {¶ 12} When interpreting the phrase "excusable neglect," the United States Supreme Court stated that the standard for reviewing a rejection of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." SeePioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. Partnership (1993),507 U.S. 380, 395. The supreme court went on to say that these circumstances include "the danger of prejudice to the [movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Pioneer has been acknowledged to set a more "forgiving" standard and should be given a broad reading. See Graphics Comm. Int'l.Union, Loc. 12 v. Quebecor Printing Providence, Inc. (C.A.1, 2001),270 F.3d 1, 5 (collecting cases). *Page 7 
 {¶ 13} Although Pioneer did not involve Fed.R.Civ.P. 60(B), one federal court has held that "Pioneer applies whenever `excusable neglect' appears in the federal procedural rules[,]" including Fed.R.Civ.P. 60(B). Raymond v. Ameritech Corp. (C.A.7, 2006),442 F.3d 600, 606, citing Robb v. Norfolk W. Ry. Co. (C.A.7, 1997),122 F.3d 354, 359. See, also, Jinks v. AlliedSignal, Inc. (C.A.6, 2001),250 F.3d 381, 386 ("Pioneer stands for the proposition that a district court should consider the five factors enumerated above in cases where procedural default has prevented the court from considering the true merits of a party's claim.")
 {¶ 14} Civ.R. 60(B)(1) is identical to Fed.R.Civ.P. 60(B)(1), so we adopt the Pioneer standard for determining what constitutes "excusable neglect" under Civ.R. 60(B)(1).[1] In doing so, we stress that the use of this standard does not absolve parties or counsel from employing all necessary diligence as a predicate for seeking relief from judgment under Civ.R. 60(B). Mere negligence will not suffice as a ground for relief under the rule — the negligence must be excusable or it will not form the basis for relief. We continue to adhere to the proposition that deliberate or willful conduct cannot constitute excusable neglect, 12 Moore's Federal Practice (3 *Page 8 
Ed.1998), Section 60.41[1][c][ii], at 60-88-60-89, nor does inadvertent conduct that does not demonstrate diligence, id. at § 60.41[1][c][ii], at 60-89. Mistakes of legal advice or mistakes of law are not within the contemplation of Civ.R. 60(B)(1). See Engleson v. Burlington NorthernRR. Co. (C.A.9, 1992), 972 F.2d 1038 (construing identical federal rule).
 {¶ 15} The court did not employ the Pioneer test to determine whether Farson showed excusable neglect under Civ.R. 60(B)(1). Employing this standard, we conclude that Farson showed excusable neglect. He acted neither deliberately nor willfully by failing to answer the complaint. As the district is forced to concede, Farson did serve a copy of his answer to the district's counsel. Farson also engaged in discovery and had been in contact with opposing counsel during pretrial proceedings, thus belying any assertion that he had abandoned the litigation. Although the district's motion for a default judgment was technically viable given that Farson's answer was not properly filed, the facts and circumstances of this case show the district's motion for a default judgment to be opportunism of a kind that has been repeatedly disfavored by the courts. It is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." Perotti v. Ferguson (1983),7 Ohio St.3d 1, 3. The court abused its discretion by refusing to grant relief from judgment.
 Judgment reversed and remanded. *Page 9 
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR
[1] We acknowledge that the Kay majority did not cite toPioneer in its discussion of excusable neglect, even though the dissenting justices did. We do not consider the court's failure to cite to Pioneer as a rejection of the more lenient standard used in that case, however, as the supreme court majority held that the party seeking relief under Civ.R. 60(B)(1) had asserted facts "tending to show excusable neglect'" and was therefore entitled to a hearing on the motion for relief from judgment. Kay, 76 Ohio St.3d at 21. Given the court's acknowledgment that what constitutes "excusable neglect" is an "elusive concept," guidance from the United States Supreme Court on an identical issue of federal law is particularly persuasive. *Page 1