[Cite as *Davis v. 40 East, L.L.C.*, 2022-Ohio-4505.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHAKORIE DAVIS,                          :

    Plaintiff-Appellant,             :

                                 No. 111329

    v.                               :

40 EAST, L.L.C., ET AL,                  :

    Defendants-Appellees.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 15, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-20-942471

---

### *Appearances:*

Jazmine Greer, *for appellant.*

Kenneth J. Fisher Co., L.P.A., Kenneth J. Fisher, and Dennis A. Nevar, *for appellees.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant Shakorie Davis ("Davis") appeals the trial court's decision denying his motion for leave and motion for relief from judgment. We reverse the trial court's decision and remand to the trial court to grant the appellant's motion for relief from judgment and for further proceedings.

## I.  Facts and Procedural History

{¶ 2}  In 2018, Davis purchased a residential property located at 2768 Lander Road, Pepper Pike, Ohio from defendant-appellee, 40 East, L.L.C., the seller, represented by its owner, Marc Glassman ("Glassman").  In the sale of the property, Glassman included a residential property disclosure form that disclosed the flooding issues, caused by an act of nature, occurring at the property.  Davis initiated a home inspection that noted outdoor and structural damage to the property as a result of flooding.  Davis claims that neither the residential property disclosure form nor the inspection disclosed that the damage was caused by a defective storm drain system rather than just an act of nature by flooding.  After continuous flooding on the property that occurred in the backyard and in the basement, Davis obtained another inspection, where the inspector discovered that the flooding was the result of a defect in the storm drain system.  Davis contacted the city of Pepper Pike, and the city informed Davis that Glassman had also experienced issues with the storm drain system and had it inspected by the city.

{¶ 3}  On December 31, 2020, Davis filed a complaint against Glassman, alleging fraud for active concealment and failure to disclose known latent defects.  After several pretrials, Glassman filed a motion for summary judgment on December 15, 2021.  Also, on that same day, Davis requested mediation and the trial court referred the case to mediation.  Davis's counsel stated that she received the email about mediation but did not notice that Glassman filed a motion for summary

judgment, so she did not file an opposition motion. Instead, counsel stated that she concentrated on preparing for the mediation. On January 24, 2022, appellee's counsel filed a motion to reschedule the mediation. As a result, Davis's counsel did not respond to the motion for summary judgment and the trial court granted Glassman's unopposed motion on January 31, 2022.

{¶ 4} On February 3, 2022, Davis's counsel filed a motion for leave, or in the alternative, a motion for relief from judgment. On March 3, 2022, the trial court denied the motion, and Davis filed this appeal assigning six errors for our review:

1. The trial court erred when it found that there was no basis under Civ.R. 60 to hold a hearing on Davis's motion;

2. The trial court erred when it found that Davis has not raised operative facts under the rule that allows the trial court to grant him relief from judgment;

3. The trial court erred when it denied Davis's motion for relief from judgment pursuant to Civ.R. 60(B);

4. The trial court erred when it denied Davis's motion for leave pursuant to Civ.R. 6[0](B)(2);

5. The trial court erred when it failed to grant a hearing to take evidence and verify the facts before it ruled on the motion for relief; and

6. The trial court erred when it failed to apply the Pioneer Standard for determining what constitutes excusable neglect under Civ.R. 60(B).

## II. Motion for Relief from Judgment

### A. Standard of Review

{¶ 5} "'This court reviews a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard.'" *Miller v. Miller*, 8th Dist. Cuyahoga No. 110537, 2022-Ohio-1493, ¶ 7, quoting *State v. Waver*, 8th Dist. Cuyahoga No. 107502, 2019-Ohio-1444, ¶ 27.

> An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Such an abuse ""implies that the court's attitude is unreasonable, arbitrary or unconscionable."" *State v. Montgomery*, Slip Opinion No. 2022-Ohio-2211, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

*State v. Acosta*, 8th Dist. Cuyahoga No. 111110, 2022-Ohio-3327, ¶ 43.

### B. Law and Analysis

{¶ 6} In assignment of error Nos. 1, 2, 3, 5, and 6, Davis argues that the trial court abused its discretion for denying his motion for relief from judgment and motion for leave. Additionally, Davis argues that the trial court abused its discretion by failing to grant a hearing on the motion and by failing to determine what constitutes excusable neglect under Civ.R. 60(B). Because all assignments of error except assignment of error No. 4 are nearly identical, we will address them together.

{¶ 7} After the court granted Glassman's unopposed motion for summary judgment, Davis filed his motion for relief from judgment arguing that the trial court

should consider granting the motion because Davis's counsel's failure to respond to the appellee's motion for summary judgment was a result of excusable neglect under Civ.R. 60(B).

> "In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). If any of the three requirements are not met, the motion should be denied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 6 Ohio B. 403, 453 N.E.2d 648 (1983)."

*Miller* at ¶ 7, quoting *Waver* at ¶ 26.

**{¶ 8}** In Davis's counsel's motion to the court, she argued that her failure to submit a response to the motion for summary judgment was a mistake. Counsel claimed that because the court granted the mediation on the same day that Glassman filed the summary judgment motion, she did not see the notice informing her about the summary judgment filing. Counsel stated in her motion that her attention was on the mediation order and she was unaware of the summary judgment motion. Counsel argued that her mistake could be considered excusable neglect.

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other

misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Civ.R. 60(B).

{¶ 9} This court defined excusable neglect as the following:

"Excusable neglect has been defined in the negative. The inaction of a defendant is not excusable neglect if it can be labeled as a 'complete disregard for the judicial system.' *Kay v. Marc Glassman*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). Cases finding excusable neglect typically involve special circumstances that justify the neglect. *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. Franklin No. 14AP-640, 2015-Ohio-1368, 31 N.E.3d 190, ¶ 13. Neglectful conduct is not excusable if the party seeking relief could have prevented the circumstances from occurring. *Stuller v. Price*, 10th Dist. Franklin No. 02AP-29, 2003-Ohio-583, ¶ 52. While special or unusual circumstances can justify neglect, if a party 'could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable.' *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 706 N.E.2d 825 (4th Dist.1997)."

*Twymon v. Eagle Auto Parts, Inc.*, 8th Dist. Cuyahoga No. 110993, 2022-Ohio-2360, ¶ 51, quoting *Delitoy v. I. Stylez Hair & Nails Design, Inc.*, 8th Dist. Cuyahoga No. 108833, 2020-Ohio-3370, ¶ 18.

{¶ 10} Davis relies on our decision in *Mendes v. Lowe's Home Ctrs., L.L.C.*, 8th Dist. Cuyahoga No. 108605, 2020-Ohio-1283, where we affirmed the trial court's decision to grant the appellee's motion for relief from judgment based on Civ.R. 60. The facts in *Mendes* are analogous to the facts in this instant case. In

*Mendes*, the appellant filed a motion for summary judgment. The appellee failed to respond to the motion. After the trial court granted the unopposed motion, the appellee filed a motion for relief from judgment, admitting "the inadvertent clerical failure to calendar the response date and argued that the parties had been actively engaged in ongoing discovery and the pursuit of resolution of the case including preparation for the scheduled arbitration." *Id*. at ¶ 3. In this instant case, the parties were actively involved in the case, attending pretrial hearings and preparing for mediation when the motion for summary judgment was filed and granted.

{¶ 11} In *Mendes*, we stated that, "[t]he term 'excusable neglect' requires an 'equitable' review that takes into account "'all relevant circumstances surrounding the party's omission.'"" *Id*. at ¶ 10, quoting *Cleveland Mun. School Dist. v. Farson*, 8th Dist. Cuyahoga No. 89525, 2008-Ohio-912, ¶ 12, quoting *Pioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). "In *Farson*, 'we adopt[ed] the *Pioneer* standard for determining what constitutes 'excusable neglect' under Civ.R. 60(B)(1).'" *Mendes* at ¶ 11, quoting *Farson* at ¶ 13.

{¶ 12} "Thus, we consider circumstances such as:

> 'the danger of prejudice to the [movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' [*Pioneer*, 507 U.S. at 395, 113 S. Ct. 1489, 123 L.Ed.2d 74.] Pioneer has been acknowledged to set a more "forgiving" standard and should be given a broad reading. *See Graphic Communications Internatl. Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir.2001)."

*Mendes* at ¶ 12, quoting *Farson* at ¶ 12.

{¶ 13} As in *Mendes*, Davis contends, and the record supports, that the failure to timely respond to the summary judgment motion constitutes excusable neglect. Glassman filed for summary judgment on December 15, 2021. The trial court granted the unopposed motion on January 31, 2022, and Davis moved for relief from that judgment within three days after the trial court's judgment. Counsel for Davis admitted to the failure to calendar the response date because she did not see the summary judgment filing and explained that the parties had been diligently working toward a resolution since the inception of the case and continued to do so in preparing for the mediation to be held on March 9, 2022. *See id.* at ¶ 14.

{¶ 14} The facts in this instant case can be distinguished from the facts in a prior Eighth District case. In *Beswick Group N. Am., L.L.C. v. W. Res. Realty, L.L.C.*, 8th Dist. Cuyahoga No. 104330, 2017-Ohio-2853, ¶ 8, the court held that the appellant's attorney's failure to see the electronic notification of the appellees' summary judgment filing is not considered excusable neglect. In *Beswick*, the appellants entered into two contractual agreements with the appellee, Re/Max, for the sale of property. After the property was sold, Beswick disputed it owed Re/Max any commission because of the sale. Re/Max filed liens on the properties, and Beswick filed a lawsuit. Re/Max filed an answer, a counterclaim, and a third-party complaint. Discovery proceeded, but the appellants failed to respond to discovery requests and requests for admissions. *Id.* ¶ 4. Subsequently, the appellees filed their motion for summary judgment that was ultimately granted.

{¶ 15} In this instant case, Davis was actively involved having responded to several requests, attending pretrial hearings, and responding to motions. At the time the summary judgment motion was filed, upon motion of Davis, the matter was referred to mediation by the trial court. Counsel concentrated her efforts on mediation preparation. From these facts, it is clear the appellant was actively engaged in the case.

{¶ 16} The record does not support the conclusion that Davis "deliberately" or "willfully" failed to answer the motion for summary judgment. *Farson*, 8th Dist. Cuyahoga No. 89525, 2008-Ohio-912, at ¶ 15. The facts of this case demonstrate a type of opportunism "that has been repeatedly disfavored by the courts." *Id*. "It is 'a basic tenet of Ohio jurisprudence that cases should be decided on their merits.'" *Id*., quoting *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983).

{¶ 17} We also observe that the actions of Davis's counsel were not in such disregard of the court's order that they exhibited "a disregard for the judicial system and the rights of the plaintiff." *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122, syllabus (1987). "Total disregard for the judicial system connotes far worse behavior, such as a litigant who obstinately refuses to attend a deposition or a lawyer who repeatedly misses court dates." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 35.

{¶ 18} Therefore, appellants assignment of error Nos. 1, 2, 3, 5, and 6 are sustained and we reverse the trial court's decision.

## III. Motion for Leave

{¶ 19} In Davis's fourth assignment of error, he argues that the trial court erred when it denied his motion for leave pursuant to Civ.R. 6(B)(2). Due to the analysis and conclusion above, per App.R. 12(A)(1)(c), the fourth assignment of error is moot.

{¶ 20} Judgment reversed and remanded.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LISA B. FORBES, J., and
MARY J. BOYLE, J., CONCUR