[Cite as *S.L. v. M.E.H.*, 2024-Ohio-5482.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

S.L., :

     Petitioner-Appellee, :

                                No. 113646

     v. :

M.E.H., :

     Respondent-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 21, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-985727

---

### *Appearances:*

The Elkhatib Law Firm and Issa Elkhatib, *for appellant.*

S.L., *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Respondent-appellant M.E.H. appeals the decision of the trial court denying her motion for relief from judgment of a civil stalking protection order ("CSPO") that was issued against her. Upon review, we reverse the trial court's decision to deny the Civ.R. 60(B) motion and remand the matter for the trial court to conduct an expedited evidentiary hearing on the merits in the matter.

{¶ 2} On September 20, 2023, petitioner-appellee S.L., pro se, filed a petition to obtain a CSPO for herself and her minor child against M.E.H. It appears from the record that at the time of the proceedings, M.E.H. was the current girlfriend of the child's father and S.L. was his ex-girlfriend with whom he shares the child. There had been prior litigation between S.L. and M.E.H., and there was a consent order that had been entered in a separate matter. S.L. asserted, among other allegations, that M.E.H. was violating the consent order's requirements and that she feared for herself and the safety of her child. The trial court held an ex parte CSPO hearing, denied an ex parte order, and set a full hearing for October 4, 2023.

{¶ 3} After service was perfected, M.E.H. retained counsel in the matter. On October 3, 2023, counsel for M.E.H. filed a motion for continuance, in which counsel indicated that he was recently retained and needed additional time to prepare for the matter. A notice of appearance also was filed by counsel.

{¶ 4} The trial court proceeded with the hearing on October 4, 2023. Neither respondent nor her counsel were present. There was no mention of the motion for continuance.[1] The trial court heard from S.L., who indicated that M.E.H. was violating the terms of a consent order issued by a court magistrate. S.L. claimed that M.E.H. was at the child's daycare during an incident in which the child's father was trying to take the child when he was not supposed to be there, that M.E.H. was not supposed to be anywhere near exchanges of the child, that the incident resulted

---

[1] The motion for continuance was denied as moot on October 10, 2023.

in the police being called, that M.E.H. made false allegations, and that the incident resulted in S.L. losing her daycare for the child. There was no evidence that any charges resulted from this incident, and S.L. conceded that she was not present at the daycare. S.L. also claimed that M.E.H., who was not permitted to be within 500 feet of parental exchanges of the child, was showing up and hiding in bushes during exchanges. S.L. stated that she was stressed by "the threat of [M.E.H.'s] constant violence" and asserted that her child was making concerning comments. S.L. further claimed that M.E.H. had not removed photos and videos of the child from social media as required by the consent order. S.L. asserted that she did not feel safe for herself or her daughter.

{¶ 5} At the conclusion of the hearing, the trial court granted the requested protection order for S.L. and the child for a period of five years. Among other restrictions, M.E.H. is not permitted to be within 500 feet of all protected persons, which includes S.L. and the child, and is not to have any contact with them.

{¶ 6} Two days later, on October 6, 2023, M.E.H. filed a motion for relief from judgment pursuant to Civ.R. 60(B) and requested a hearing. M.E.H. indicated that her absence, as well as her attorney's absence, from the October 4 hearing was predicated on the belief that the motion for continuance would be considered given the sudden retention of counsel. M.E.H. claimed that the issuance of the CSPO would have adverse implications on her career and would be a violation of her due process rights. Further, she requested that relief be granted in the interests of justice, fairness, and her due process rights.

{¶ 7} The trial court held a hearing on the motion for relief from judgment on January 17, 2024. The trial court heard from both parties and counsel for M.E.H., who explained the confusion that occurred surrounding the motion for continuance and M.E.H.'s failure to appear and presented arguments against the issuance of the CSPO. This court has fully reviewed the record, including the transcript of the proceedings. On January 18, 2024, the trial court issued an entry denying the motion for relief from judgment.

{¶ 8} M.E.H. timely appealed. Under her sole assignment of error, M.E.H. claims the trial court erred by denying her Civ.R. 60(B) motion without consideration of the statutory factors.

{¶ 9} As an initial matter, we will not consider the factual allegations made in appellant's brief that were never presented to the trial court. The matter is before us on a challenge to the denial of a motion for relief from judgment. We limit our review to the record before us and to the challenge presented. It is not for this court to formulate legal arguments for the parties. *See State v. Quarterman*, 2014-Ohio-4034, ¶ 19.

{¶ 10} An appellate court reviews a decision denying a motion for relief from judgment under Civ.R. 60(B) for an abuse of discretion. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988), citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). In this matter, we bear in mind that "Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." *Kay v. Marc*

*Glassman*, 76 Ohio St.3d 18, 20 (1996), citing *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980).

{¶ 11} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Electric v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The burden was upon M.E.H. to demonstrate her entitlement to relief. *See Rose Chevrolet* at 21.

{¶ 12} M.E.H. claims that she demonstrated the requirements for relief under Civ.R. 60(B) but that none were discernibly considered by the trial court. There is no question that M.E.H. demonstrated the timeliness of the motion, which was filed two days after the CSPO was issued. M.E.H. also argues that she presented a meritorious defense and that her failure to appear at the hearing on October 4, 2023, was, at worst, excusable neglect under Civ.R. 60(B)(1).

{¶ 13} The Supreme Court of Ohio has previously defined "excusable neglect" in the negative, stating that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay*, 76 Ohio St.3d 18, at 20, quoting *GTE Automatic Electric* at 153. "[T]he determination of whether excusable neglect occurred '. . . must of necessity take into consideration all the surrounding facts and circumstances.'" *Rose Chevrolet*, 36 Ohio St.3d at 21, quoting *Colley*, 64 Ohio St.2d at 249.

{¶ 14} M.E.H. argues that her failure to appear at the hearing on October 4, 2023, was not a disregard for the judicial process but was due to a miscommunication and circumstances that constitute excusable neglect. She states that there was prior litigation between the parties, that there were orders that were already in place between them, that she did not delay in obtaining counsel to represent her in this matter, that her counsel immediately filed for a continuance because he needed time to prepare for the hearing, that she did not appear for the hearing due to a miscommunication that occurred, and that the motion for continuance was never even considered before the hearing. During the hearing on the Civ.R. 60(B) motion, when the trial court asked counsel why M.E.H. did not appear at the October 4 hearing, counsel explained these circumstances and argued that there were severe consequences from the CSPO being granted without hearing the full merits of the case. M.E.H., who did not wish to represent herself in the matter, expressed that she knew her attorney was not going to be there, she was scared to appear unrepresented, and she apologized to the court. It appears from our review of the surrounding circumstances in this matter that M.E.H.'s failure to appear was not a complete disregard for the judicial system and that she demonstrated that excusable neglect occurred.

{¶ 15} Our review also shows that M.E.H. sufficiently alleged a meritorious defense. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet* at 20, citing *Moore v. Emmanuel Family Training Ctr.*, 15 Ohio St.3d 64, 67 (1985).

"'Although proof of success is not required, the moving party must support its alleged defense with operative facts that have enough specificity to allow the trial court to judge the merits of the defense.'" *Champlain Ents. L.L.C. v. Kuiper,* 2023-Ohio-3059, ¶ 19 (8th Dist.), quoting *Home S. & L. of Youngstown v. Snowville Subdivision Joint Venture*, 2012-Ohio-4594, ¶ 18 (8th Dist.).

{¶ 16} At the hearing on the Civ.R. 60(B) motion, counsel for M.E.H. argued that M.E.H. should be given the opportunity to argue the merits of the matter, that S.L.'s petition for the CSPO was frivolous, that M.E.H. and S.L. already had orders against one another, that S.L. had made numerous unsubstantiated allegations to the police, that part of this is "manipulating the system and taking advantage of confusion" by M.E.H., and that S.L. was simply finding opportunities to "create havoc" in M.E.H.'s life. Counsel further asserted that M.E.H. was no longer living at the father's residence because the child, who is a protected person, spends time at his residence; that if M.E.H. were found in violation of the order, her employment could be affected; and that she has a constant threat of being arrested. Under the circumstances, counsel claimed that "when it comes to the interest of justice and fairness," relief from judgment is warranted.

{¶ 17} During the same hearing, S.L. made arguments in support of the CSPO and argued that M.E.H. was continuing to violate a consent order, which the trial court reviewed. Counsel for M.E.H. argued that the consent order only involved an order for M.E.H. to not be around on days that there was not visitation with the child's father and during parental exchanges of the child. M.E.H. also stated she had

removed social media posts of images and/or videos of the child, as required by the consent order, though this was disputed by S.L. After reviewing the terms of the consent order that were already in place, the trial court stated that it was "going to deny the motion for reconsideration" and that the CSPO would stand. However, the matter was not before the court for reconsideration, and M.E.H. was not required to prove her defense at the Civ.R. 60(B) hearing.

{¶ 18} Finally, counsel for M.E.H. advocated against having the child included in the CSPO, but the trial court indicated that the child was "on the consent agreement" and that the court was not going to change anything. Yet, from the record before us, it is questionable as to whether the requirements for including the child under the CSPO were met.[2]

{¶ 19} On appeal, M.E.H. argues that she was "prepared to present a four-fold meritorious defense." She claims that there were prior instances of misconduct involving S.L., that a no-contact order and protection order were already in place, that M.E.H.'s housing situation would be jeopardized by the CSPO at issue, and that her employment and/or nursing license would be jeopardized. M.E.H. points to arguments that were made at the hearing. We recognize that there are consequences for any CSPO; that is not the crux of the analysis. Nonetheless, our review reflects that operative facts were presented that, if proven, would support a meritorious defense in the matter.

---

[2] We make no determination on the merits of the matter. Indeed, we are not tasked with determining whether appellee will actually prevail on her claim.

{¶ 20} After reviewing the record in this matter, we are unable to find that the trial court acted within the bounds of its discretionary authority in denying the motion for relief from judgment. Under the circumstances presented, we find that M.E.H. established the requirements for Civ.R. 60(B) relief and that it is in the best interests of justice to set aside the trial court's decision to grant the CSPO and remand the matter to the trial court for an expedited evidentiary hearing.

{¶ 21} Judgment reversed; case remanded to the trial court with instructions to conduct an expedited evidentiary hearing on the merits of the petition for the CSPO.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR