[Cite as *Favorite v. Cleveland Clinic Found.*, 2025-Ohio-269.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| DANIEL FAVORITE, | : | |
| Plaintiff-Appellant, | : | Nos. 113642 and 113821 |
| v. | : | |
| THE CLEVELAND CLINIC FOUNDATION, | : | |
| Defendants-Appellees. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 30, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-975900

---

### *Appearances:*

Mishkind Kulwicki Law Co., L.P.A., and David A. Kulwicki; Flowers & Grube, Paul W. Flowers, and Kendra N. Davitt, *for appellant.*

Tucker Ellis LLP, Benjamin C. Sasse', Elisabeth C. Arko, Edward E. Taber, and Kelli R. Novak, *for appellee.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant Daniel Favorite ("Favorite") challenges the journal entries granting defendant-appellee The Cleveland Clinic Foundation's ("CCF") motion for summary judgment and denying

his Civ.R. 60(B) motion to vacate that final order. Based on the unique facts of the case, we reverse the trial court's denial of Favorite's Civ.R. 60(B) motion and remand the matter for further proceedings.

## I. Facts and Procedural History

{¶ 2} In February 2023, Favorite refiled[1] a four-count complaint against CCF claiming that his electronic patient medical records were accessed multiple times by Sandra Favorite ("Stepmother Employee"), his stepmother and an employee of CCF, between June and July 2022 without his authorization and legitimate business or medical reasons. In both his original and refiled complaints, Favorite named only CCF as a party-defendant and asserted the following causes of action: 1) breach of fiduciary duty, 2) violation of the right to privacy, alleging both direct and vicarious liability, 3) fraud; and 4) punitive damages.

{¶ 3} CCF filed an answer to the complaint and the following litigation schedule was set by the trial court:

> Fact discovery deadline 09/22/2023. [Favorite's] expert report due 10/06/2023. [CCF's] expert report due 12/01/2023. Dispositive motion remains set for 12/15/2023. Dispositive motions due 12/02/2022. Pursuant to Civ.R. 6(C)(1), briefs in opposition to motions for summary judgment are due 28 days after the filing of a motion for summary judgment; a movant's reply is due within seven days after the filing of the brief in opposition. Parties shall provide the court with printed courtesy copies when the filing is greater than 50 pages, or when attachments uploaded to the court's electronic filing system are illegible or unclear. Absent exigent circumstances, no extensions to the dispositive motion or responses.

---

[1] Favorite's original complaint was filed in November 2022 and dismissed without prejudice in February 2023 after he failed to timely amend the complaint to comply with Civ.R. 10.

(Journal Entry, Aug. 2, 2023.)  CCF also filed an opposed motion for protective order, which was granted by the trial court.

{¶ 4} Pursuant to the trial court's litigation schedule and protective order, CCF filed a sealed motion for summary judgment as to all of Favorite's claims on December 15, 2023.  Accordingly, Favorite's brief in opposition was due by Friday, January 12, 2024.  On Tuesday, January 16, 2024, Favorite filed his sealed brief in opposition to CCF's motion for summary judgment and a notice of voluntary dismissal of his claims for breach of fiduciary duty and fraud.  Later that day, the trial court granted CCF's "unopposed" motion for summary judgment and dismissed Favorite's complaint with prejudice.  (Journal Entry, Jan. 16, 2024).

{¶ 5} On January 26, 2024, Favorite filed a motion to vacate the final order granting summary judgment.  Seeking relief under Civ.R. 60(B)(1) or (5), Favorite explained that his counsel inadvertently docketed the brief in opposition deadline for 30 days, which fell on Tuesday, January 16, 2024, because of the trial court's observation of Martin Luther King, Jr. Day on Monday, January 15, 2024.  Favorite argued that counsel's mistake amounted to "a classic case of excusable neglect" and, alternatively, relief was justified under the rule's "catchall" provision.  (Motion to Vacate Final Order Granting Summary Judgment, Jan. 26, 2024.)  Favorite further claimed that his opposition to CCF's motion for summary judgment, which was incorporated therein by reference, detailed facts and law supporting a liability finding against CCF.  Finally, Favorite asserted that his Civ.R. 60(B) motion was

filed within a reasonable time. In support on his motion, Favorite attached the affidavit of his lead counsel.

{¶ 6} In February 2024, CCF opposed the motion, countering that Favorite failed to demonstrate entitlement to relief under Civ.R. 60(B)(1) or (5) and present a meritorious claim. Favorite subsequently appealed the January 16, 2024 journal entry granting summary judgment. Favorite also filed a reply in support of his Civ.R. 60(B) motion, claiming that he "establish[ed] a defense to [CCF's motion for summary judgment] that warrant[ed] reopening the judgment." (Reply to Motion to Vacate Final Order Granting Summary Judgment, Feb 16, 2024.)

{¶ 7} After a limited remand was granted by this court, the trial court denied Favorite's Civ.R. 60(B) motion. The trial court noted that Favorite's counsel was advised twice of the 28-day deadline to respond to motions for summary judgment and scheduling orders provided further notice to the parties. The trial court concluded that "[w]hile [Favorite's] motion [wa]s made within a reasonable time, [he] d[id] not present facts that tend[ed] to show the existence of a meritorious claim or demonstrate he [wa]s entitled to relief pursuant to Civ.R. 60(B)(1)-(5)." (Journal Entry, Apr. 5, 2024.)

{¶ 8} Favorite appealed the journal entry denying his Civ.R. 60(B) motion to vacate summary judgment. This court, sua sponte, consolidated Favorite's appeals for briefing, hearing, and disposition. Favorite raised the following assignments of error for review.

**Assignment of Error No. 1**

The trial court erred as a matter of law by granting summary judgment upon [Favorite's] violation of privacy and punitive damages claim[s].

**Assignment of Error No. 2**

The trial court erred as a matter of law, and otherwise committed an abuse of discretion, in denying the motion to vacate summary judgment ruling.

We note that Favorite's second assignment of error is dispositive to this appeal. Therefore, we only address whether the trial court abused its discretion in denying Favorite's Civ.R. 60(B) motion.

## II. Law and Analysis

{¶ 9} In his second assignment of error, Favorite argues that the trial court abused its discretion when it denied his Civ.R. 60(B) motion to vacate the January 16, 2024 order granting CCF's "unopposed" motion for summary judgment.

{¶ 10} We review a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment under an abuse-of-discretion standard. *Internatl. Total Servs. v. Estate of Nichols*, 2019-Ohio-4572, ¶ 6 (8th Dist.). "The term 'abuse of discretion' implies that the court's attitude was unreasonable, arbitrary, or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} One basic tenet of Ohio jurisprudence is well-established: cases should be decided on their merits. *Mendes v. Lowe's Home Ctrs., L.L.C.*, 2020-Ohio-1283, ¶ 15, citing *Cleveland Mun. School Dist. v. Farson*, 2008-Ohio-912, ¶ 15, citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983). "Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." *Kay v. Marc*

*Glassman*, 76 Ohio St.3d 18, 20 (1996), citing *Colley v. Bazell,* 64 Ohio St.2d 243, 249 (1980).  To prevail on a motion for relief from judgment, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time.  *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  The movant must satisfy all three of these requirements to obtain relief. *Bank of N.Y. v. Elliot*, 2012-Ohio-5285, ¶ 24 (8th Dist.), citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

{¶ 12} Since the trial court and the parties appear to agree that Favorite's Civ.R. 60(B) motion was made within a reasonable time — just ten days after the final order granting summary judgment — the third requirement is deemed satisfied.  Accordingly, we turn our focus to the other requirements.

### A. Meritorious Defense or Claim

{¶ 13} With respect to the meritorious-defense-or-claim requirement, Favorite argues that his brief in opposition to CCF's motion for summary judgment, which was incorporated into his Civ.R. 60(B) motion by reference, detailed facts and law supporting a liability finding against CCF.

{¶ 14} "'Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense [or claim], not to prove that he will prevail on that defense [or claim].'" *S.L. v. M.E.H.*, 2024-Ohio-5482, ¶ 15, quoting *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20 (1988).  This court explained: "'Although proof of success is not required, the

moving party must support its alleged defense [or claim] with operative facts that have enough specificity to allow the trial court to judge the merits of the defense [or claim].'" *Champlain Enters. L.L.C. v. Kuiper*, 2023-Ohio-3059, ¶ 19 (8th Dist.), quoting *Home S. & L. of Youngstown v. Snowville Subdivision Joint Venture*, 2012-Ohio-4594, ¶ 18 (8th Dist.). Where the movant seeks relief from the granting of an unopposed motion for summary judgment, the movant must show that it could adequately respond, if given the opportunity, by demonstrating the existence of a genuine issue of material fact pursuant to *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). *Savage v. Delamore Elizabeth Place, L.P.*, 2009-Ohio-2772, ¶ 24 (2d Dist.) (finding that the plaintiff established a meritorious claim for the purposes of his Civ.R. 60(B) motion where his "mostly conclusory" and "self-serving" affidavit, absent evidence of supporting witnesses, "alone was sufficient evidence to establish that he could create genuine issues of material fact if permitted to respond to" summary judgment).

{¶ 15} Our review of the record reveals that Favorite's brief in opposition presented operative facts and arguments supporting his direct and vicarious liability violation-of-privacy and punitive-damages claims, including excerpts from his deposition testimony asserting that two third-party disclosures occurred: one by CCF to Stepmother Employee and a second by Stepmother Employee to Favorite's father; a letter from CCF disclosing that Stepmother Employee impermissibly accessed Favorite's medical records multiple times between June and July 2022; and CCF's responses to Favorite's request for production of documents, which

allegedly show that Stepmother Employee admitted to accessing his medical records and used a computer terminal and credentials supplied by CCF as part of her job duties. The trial court did not consider the facts or arguments set forth in Favorite's untimely brief when it granted summary judgment, noting that CCF's motion was "unopposed." (Journal Entry, Jan. 16, 2024.)

{¶ 16} On appeal, Favorite revisited these operative facts and arguments in his first assignment of error. Amongst his many claims, Favorite emphasized that Stepmother Employee conveyed the information she learned from accessing Favorite's records to his father, which caused devastation and a serious family rift. Considering both alleged disclosures, Favorite claimed that CCF was "plainly trying to straddle both sides of the fence" with respect to its arguments that it could not be found either directly or vicariously liable for the alleged violation of Favorite's privacy.

{¶ 17} Based on these specific facts, we find that Favorite alleged meritorious claims and satisfied the first requirement. Favorite must show only that he can adequately respond to CCF's summary judgment motion to be entitled to Civ.R. 60(B) relief. Favorite is not required to prove that his violation-of-privacy and punitive-damages claims will ultimately survive summary judgment. Nor do we determine the merits of summary judgment in this appeal.

### B. Relief Under Civ.R. 60(B)(1)-(5)

{¶ 18} Next, Favorite claims that he is entitled to relief from summary judgment under either Civ.R. 60(B)(1) or (5).

{¶ 19} Under Civ.R. 60(B)(1) "a court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." "Excusable neglect" has been defined by the Ohio Supreme Court in the negative: "'the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system."'" *S.L.* at ¶ 13, quoting *Kay*, 76 Ohio St.3d 18 at 20, quoting *GTE Automatic Elec.*, 47 Ohio St.2d 146 at 153. To determine whether excusable neglect occurred, all of the surrounding facts and circumstances must be taken into consideration. *Id.*, citing *Rose Chevrolet*, 36 Ohio St. 3d 17 at 21.

{¶ 20} Favorite claims that his counsel made a simple docketing mistake and there is no reason to believe that counsel deliberately violated the 28-day deadline or disregarded the judicial process. Our review of the record confirms Favorite's claims. Considering the Friday due date and the trial court's closure on Monday for Martin Luther King, Jr. Day, Favorite's brief in opposition to CCF's motion for summary judgment was filed only one business day late and prior to the trial court's granting of summary judgment. It does not appear that any prejudice or delay resulted from Favorite's untimely filing.

{¶ 21} Favorite's subsequent Civ.R. 60(B) motion was supported by the affidavit of his lead counsel, who attested that he inadvertently docketed the incorrect due date by calculating a 30-day response period. Favorite's lead counsel explained that he faced an "extreme workload" due to an impending trial in another case and was preoccupied by several other pressing matters, including the drafting

of a motion to compel for Favorite's case that he intended to file along with the brief in opposition. Favorite's lead counsel further advised that he prepared the brief in advance and could have filed it on or before the trial court's 28-day deadline; however, he delayed the brief's filing based on his belief about the due date, the requirement that it be filed under seal, and his appearance at court for the impending trial on that day.

{¶ 22} Under these specific circumstances, Favorite's untimely filing of his brief in opposition to CCF's motion for summary judgment amounts to "mistake, inadvertence, . . . or excusable neglect." *See, e.g.*, *Mendes v. Lowe's Home Ctrs., L.L.C.*, 2020-Ohio-1283 (affirming the trial court's granting of Civ.R. 60(B) relief where summary judgment was rendered seven days after the plaintiff's deadline to file a response and plaintiff's failure to file a brief in opposition was due to an "inadvertent clerical failure to calendar the response date").

{¶ 23} After reviewing the record in this matter and determining that Favorite established all three requirements for relief, we find that the trial court abused its discretion in denying his Civ.R. 60(B) motion. Under this set of facts, the trial court should have considered Favorite's untimely brief in opposition and determined whether summary judgment was appropriate based on the arguments presented by both parties. Indeed, Favorite should be afforded the opportunity to have his violation-of-privacy and punitive-damages claims decided upon their merits. Therefore, it is in the best interest of justice to set aside the January 16, 2024 decision granting CCF's "unopposed" motion for summary judgment.

{¶ 24} Based on the unique facts of this case, we sustain Favorite's second assignment of error, reverse the denial of his Civ.R. 60(B) motion, and decline to review his first assignment of error contemplating the merits of summary judgment.

{¶ 25} Judgment reversed, and case remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
ANITA LASTER MAYS, J., CONCUR